**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 17, 2005**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAVID E. NELSON,

      Plaintiff-Appellant,

  v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, an Illinois corporation,

      Defendant-Appellee.

No. 04-1366

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 03-MK-2114 (BNB))**

---

Submitted on the briefs:

John G. Taussig, III, Boulder, Colorado, for Plaintiff-Appellant.

Sheryl L. Anderson and Suanne M. Dell, Wells, Anderson & Race, L.L.C.,
Denver, Colorado for Defendant-Appellee.

---

Before **EBEL**, **BRORBY**, and **McCONNELL**, Circuit Judges.

---

**EBEL**, Circuit Judge.

---

In April 2003, Plaintiff-Appellant David Nelson filed a state-court suit for reformation and for breach of an automobile insurance contract against Defendant-Appellee State Farm Mutual Automobile Insurance Co. He asserted entitlement to extended loss-of-wage personal-injury-protection ("PIP") benefits under the Colorado Auto Accident Reparations Act ("CAARA"), Colo. Rev. Stat. §§ 10-4-701 to -726 (2000).[1] State Farm timely removed the action to federal district court and moved for dismissal under Federal Rule of Civil Procedure 12(c), contending that the cause of action was untimely under Colo. Rev. Stat. § 13-80-101(1)(j) (2002).[2] The district court granted the motion and Mr. Nelson appeals. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[3]

---

[1] The Act has now been repealed. *See* Colo. Rev. Stat. § 10-4-726 (effective July 1, 2003). The district court determined that the action is governed by the law in effect at the time the action was commenced, and the parties do not appeal from that holding. Aplt. App. at 56 n.2.

[2] Former section 13-80-101(1)(j) stated: "The following civil actions, regardless of the theory upon which suit is brought, or against whom suit is brought, shall be commenced within three years after the cause of action accrues, and not thereafter: . . . [a]ll actions under the 'Colorado Auto Accident Reparations Act', part 7 of article 4 of title 10." *And see* Aplt. App. at 57 & n.4.

[3] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**I.**

We review a dismissal granted under Rule 12(c) "under the standard of review applicable to a Rule 12(b)(6) motion to dismiss." *McHenry v. Utah Valley Hosp.*, 927 F.2d 1125, 1126 (10th Cir. 1991) (quotation marks omitted). Thus, our review is *de novo*, and

> [w]e accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the nonmoving party. A dismissal pursuant to 12(b)(6) will be affirmed only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief.

*Clark v. State Farm Mut. Auto. Ins. Co.*, 319 F.3d 1234, 1240 (10th Cir. 2003) (citation and quotation marks omitted). Whether a court properly applied a statute of limitations and the date a statute of limitations accrues under undisputed facts are questions of law we review *de novo. See Burton v. R.J. Reynolds Tobacco Co.*, 397 F.3d 906, 914 (10th Cir. 2005); *Arnold v. Air Midwest, Inc.*, 100 F.3d 857, 859 (10th Cir. 1996). The parties agree that Colorado substantive law applies.

**II.**

The facts giving rise to the appeal are undisputed. Mr. Nelson was injured in an automobile accident on April 16, 1998. After he submitted a claim under his basic PIP policy, State Farm paid in accordance with the policy, which limited

his loss-of-wage benefits to no more than $400/week for fifty-two weeks. Accordingly, the last loss-of-wage PIP payment was made on April 16, 1999.

But when Mr. Nelson purchased the policy, State Farm failed to offer him "extended" or enhanced PIP benefits in exchange for a higher premium, as required by section 710(2)(a) of CAARA. Under Colorado law, such failure could result in judicial reformation of the insurance contract. *See Brennan v. Farmer's Alliance Mut. Ins. Co.*, 961 P.2d 550, 554 (Colo. App. 1998); *Clark*, 319 F.3d at 1238-39 & n.3. On April 15, 2003, Mr. Nelson filed suit seeking reformation such that the insurance contract would be read to provide for extended and enhanced loss-of-wage PIP benefits "without time or dollar limitation" as provided in section 710(2)(a). Aplt. App. at 6. State Farm removed the action to federal court and filed a motion to dismiss.

Although State Farm asserted that CAARA's three-year statute of limitations barred suit as the basis of its motion to dismiss, Mr. Nelson responded that only a laches analysis should apply to a suit for reformation. Applying Colorado law, the district court implicitly held that CAARA applied and noted that, even if a laches analysis applied, no extraordinary circumstances warranted a departure from applying CAARA's three-year limitation period. *See id.* at 58; *Interbank Invs., L.L.C. v. Vail Valley Consol. Water Dist.*, 12 P.3d 1224, 1229-30 (Colo. App. 2000) (stating that, in laches analysis for equitable claims, court

-4-

applies statute of limitations most analogous to "actions at law of like character,""[a]bsent extraordinary circumstances"); *Hersh Cos., Inc. v. Highline Vill. Assocs.*, 30 P.3d 221, 223-24 (Colo. 2001) (stating that, "[i]n determining whether a claim falls within the purview of a particular statute of limitations, consideration should be given to the nature of the right sued upon and not necessarily the particular form of action or the precise character of the relief requested." (quotation marks omitted)).

Noting that Mr. Nelson had not addressed the issue of accrual nor offered a date at which time his reformation claim accrued, the court further held that the accrual date for Mr. Nelson's claim was, at the latest, April 16, 1999 – the date that State Farm ceased making PIP loss-of-wage benefit payments. Aplt. App. at 59. Thus, the district court concluded that Mr. Nelson's action was untimely.

**III.**

On appeal, Mr. Nelson raises three categories of issues, which we address in the order presented on appeal.

**A. Laches.** First, Mr. Nelson claims that his case should have "survive[d]" judgment because State Farm failed to plead laches as an affirmative defense. Aplt. Br. at 12-13. This argument is frivolous. Mr. Nelson raised the doctrine of laches as a counter-argument to State Farm's claim that CAARA's statute of limitations barred his claim. State Farm was not required to raise a

defense it did not believe applied, and the district court did not construe State Farm's statute-of-limitations defense as a laches defense.

Equally unmeritorious is Mr. Nelson's claim that the district court erred by not listing circumstances to justify its application of CAARA's statute of limitation in a laches analysis. Under *Interbank Investments*, the court was required to list only those circumstances warranting *a departure* from applying CAARA's statute of limitation. *See Interbank Invs.,* 12 P.3d at 1229-30. Mr. Nelson pointed to no such circumstances.

Further, we conclude that the district court properly applied CAARA's statute of limitations to Mr. Nelson's claim for reformation because his lawsuit was based on an alleged violation of CAARA and requested benefits. Section 13-80-101(1)(j) provides that it is to be applied to "all actions" brought under CAARA, "regardless of the theory upon which suit is brought." Section 13-80-101(1)(j). The Colorado Supreme Court has held that, when an action for benefits is brought under CAARA, it is subject to CAARA's three-year statute of limitations. *Jones v. Cox,* 828 P.2d 218, 222 (Colo. 1992). The court has noted that "the language 'arising out of' means to 'originate from,' 'grow out of,' or 'flow from.' It does not require a strict causal connection between the use or operation of a motor vehicle and the accident; some causal connection suffices." *City & County of Denver v. Gonzales*, 17 P.3d 137, 140-41 (Colo. 2001). Even

though he sought the equitable remedy of reformation, Mr. Nelson's lawsuit clearly "arose from" rights exclusively provided under CAARA and from the alleged violation of CAARA. The district court therefore properly applied CAARA's statute of limitations.

Mr. Nelson next argues that the district court did not consider the "fact" that his right to medical and rehabilitation expenses had not terminated at the same time the last loss-of-wage PIP payment was received, so his delay in filing suit could not have been unconscionable or unreasonable under a laches analysis. Besides the fact that this argument is mooted by our holding that the district court properly granted State Farms' motion to dismiss that was based solely on the application of CAARA's statute of limitations, a review of Mr. Nelson's brief in response to the motion to dismiss shows that he did not raise this argument to the district court. We therefore decline to address it. *See Tele-Communications, Inc. v. CIR*, 104 F.3d 1229, 1232 (10th Cir. 1997).

**B. Accrual date.** Mr. Nelson next argues that the district court applied an incorrect accrual date in determining that his suit was untimely. Again, because he did not raise this argument and made no suggestion of a proper accrual date at the trial-court level, he has waived the issue on appeal. If we were to reach the merits, however, we would conclude that the district court applied the proper accrual date to his claim for loss-of-wage PIP benefits.

As mentioned above, Mr. Nelson's suit requested reformation of the insurance contract for violation of CAARA and damages for breach of contract. Under Colorado law, an action for breach of contract accrues "on the date the breach is discovered or should have been discovered by the exercise of reasonable diligence." Colo. Rev. Stat. § 13-80-108(6). Likewise, "[a] cause of action for losses or damages not otherwise enumerated in this article shall be deemed to accrue when the injury, loss, damage, or conduct giving rise to the cause of action is discovered or should have been discovered by the exercise of reasonable diligence." Colo. Rev. Stat. § 13-80-108(8). Thus, whether the action was one for reformation, breach of contract, or violation of state law, the accrual date is when Mr. Nelson knew or should have known that State Farm had not offered him extended PIP benefits. The district court properly found that Mr. Nelson should have known at least by the last date he was paid loss-of-wage benefits under the basic, limited PIP policy that State Farm had not offered him extended benefits.

Mr. Nelson's claim that it is "illogical and inefficient" to require a plaintiff to file suit "while still receiving benefits" under his insurance contract is without merit and is based on a hypothetical that he did not raise in the district court. Further, his complaint made a claim only for extended or enhanced loss-of-wage PIP benefits, and the basis of Mr. Nelson's suit for reformation was a failure to offer extended loss-of-wage benefits. *See* Aplt. App. at 6. It is neither illogical

nor inefficient to require a plaintiff to timely make a claim for a particular kind of benefit while receiving a qualitatively different kind of benefit.

Mr. Nelson next argues that the district court should be reversed because its order stated that the purpose of reformation is to "reflect the intent of the parties," but Colorado case law holds that the purpose of judicial reformation under CAARA is "to ensure that coverage meets the statutory requirements where Plaintiff has alleged that the policy violates a statute." Aplt. Br. at 17 (quotation marks omitted). He argues that the district court's misunderstanding of the basis for reformation indicates that the court did not properly focus its inquiry. We disagree. Notwithstanding any statements the district court made regarding the purpose of Colorado's judicial reformation doctrine, the district court dismissed the case as untimely filed. Even if the purpose of reformation is to ensure that extended coverage is offered to insureds, the Colorado legislature expressed its intent that *all* actions arising under CAARA be subject to a three-year time limitation. Contrary to Mr. Nelson's assertions, CAARA mandates judicial reformation only in a timely filed suit.

**C. Application of the proper legal standards.** Finally, Mr. Nelson argues that reversal is required because, despite accepting as true the facts alleged in his complaint, the district court dismissed the case without knowing when his other PIP benefits ended and based its dismissal only on an accrual date starting

from the date the last loss-of-wage PIP benefit was paid.  This argument is no more than a rehash of his unpreserved accrual arguments addressed *supra*, and is founded on the flawed premise that a right to reformation exists even when suit is not timely filed.

Appellant's motion to file a supplemental brief on the issue of equitable tolling is **DENIED.**

The judgment of the district court is **AFFIRMED**.