**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 22, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANDREW WOLTERS,

      Plaintiff - Appellant,

v.

J.T. SMITH; D.W. REED; FNU LNU,
Unknown BOP Employees,

      Defendants - Appellees.

No. 05-3408
(D. Ct. No. 05-CV-3034-SAC)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-Appellant Andrew Wolters, a prisoner in federal custody, filed this pro se *Bivens* suit against named and unnamed Bureau of Prison ("BOP") employees. The District Court dismissed Mr. Wolters's case, disposing of some claims as time-barred and

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the remaining claims for failure to exhaust administrative remedies. We take jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

## I. BACKGROUND

Mr. Wolters filed a three-count complaint on January 26, 2005. In Count One Mr. Wolters alleges that in July 2002, he was assaulted by BOP correction officer D.W. Reed, who later filed a false incident report charging Mr. Wolters with fighting. In Count Two he alleges that BOP correction officer J.T. Smith assaulted him in November 2003 in retaliation for his seeking redress for the July incident involving Mr. Reed. In Count Three Mr. Wolters alleges that unknown prison officials engaged in a variety of other retaliatory acts due to his pursuit of these and other federal claims.

In accordance with the requirements of the Prison Litigation Reform Act, the District Court ordered Mr. Wolters to provide documentation demonstrating that he had exhausted available administrative remedies. *See* 42 U.S.C. § 1997e(a). After reviewing Mr. Wolters's response, the District Court found that Count One and part of Count Three were time-barred and dismissed those claims with prejudice. The District Court dismissed the remaining claims for failure to meet the total exhaustion rule. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189–90 (10th Cir. 2004) (adopting the total exhaustion requirement which ordinarily requires a district court to dismiss a prisoner's entire complaint without prejudice if it contains any unexhausted claims). Mr. Wolters timely appeals the dismissal of his complaint.

## II. DISCUSSION

A.    <u>Time-Barred Claims</u>

We review the application of a statute of limitations de novo. *Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005). Mr. Wolters's *Bivens* claims are "subject to the statute of limitations of the general personal injury statute in the state where the action arose." *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994). In Kansas, that time period is two years. *See* Kan. Stat. Ann. § 60-513(a)(4). Because the alleged assault in Count One and related incidents in Count Three occurred two-and-a-half years prior to the filing of this complaint, the District Court dismissed that portion of Mr. Wolters's suit as time-barred.

On appeal, Mr. Wolters argues that the District Court erred when it dismissed Count One and part of Count Three because those claims are related to a case that was filed in 2003, well within the applicable statute of limitations period. The prior case was dismissed without prejudice on April 1, 2004, for failure to exhaust administrative remedies. *See Wolters v. Conner*, 2004 WL 723585 at *6 (D. Kan. Apr. 1, 2004). The fact that Mr. Wolters made these claims in a prior case, however, is irrelevant to the District Court's application of the two-year statute of limitations in the instant case. First, to the extent that Mr. Wolters argues that the claims in his 2005 complaint relate back to the prior case, it is well-settled that "a separately filed claim, as opposed to an amendment or a supplementary pleading, does not relate back to a previously filed claim." *Benge v.*

*United States*, 17 F.3d 1286, 1288 (10th Cir. 1994). Second, although Kansas does have a savings statute, *see Garrett v. Fleming*, 362 F.3d 692, 697 (10th Cir. 2004) (applying state's tolling provision in *Bivens* claim), it permits refiling outside the applicable statute of limitations only when the prior case was dismissed without prejudice and when the refiled case was brought within six months of the original dismissal, *see* Kan. Stat. Ann. § 60-518. Here, because Mr. Wolters's 2005 claim was filed nearly ten months after the dismissal of his earlier case, the Kansas savings statute is inapplicable. Moreover, it appears that when Mr. Wolters's prior claim was dismissed, he still had three months to refile before the statute of limitations expired. Therefore, the District Court correctly dismissed Count One and portions of Count Three as time-barred.

B.     Failure to Exhaust Administrative Remedies

Mr. Wolters next argues that the District Court held him to a standard that was too stringent for a pro se plaintiff when it dismissed his remaining claims for failure to exhaust administrative remedies. He also argues that the court misconstrued his arguments relating to alleged First Amendment violations and that the court ignored material from his 2003 complaint that was relevant to the issue of exhaustion.

"To ensure compliance with [§ 1997e(a)], a prisoner must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1211 (10th Cir. 2003). We review de novo a district court's dismissal for failure to exhaust administrative remedies under § 1997e(a). *Jernigan v.*

*Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

After carefully reviewing the record, we find Mr. Wolters's arguments to be without merit. First, the District Court's order more than adequately demonstrates that Mr. Wolters's claims were considered with care and that Mr. Wolters was not held to the same standard that would be expected of an attorney. Moreover, the record clearly supports the conclusion that several of Mr. Wolters's claims of retaliation were not administratively exhausted prior to filing this suit.[1] Because the presence of a single unexhausted claim mandates the dismissal of the entire complaint, *see Ross*, 365 F.3d at 1189, the District Court did not err in dismissing Mr. Wolters's remaining claims.

### III. CONCLUSION

We AFFIRM the District Court's dismissal with prejudice of Mr. Wolters's claims regarding the 2002 incident, and the dismissal without prejudice of all other claims for failure to exhaust administrative remedies completely. Mr. Wolters's motion for oral argument and request for excerpts of the record from a prior case are DENIED. Finally,

---

[1]Specifically, the District Court found that the plaintiff did not demonstrate exhaustion pertaining to his claims that: (1) prison administrators attempted to frame him for drug use by obtaining urine samples with the intent to switch the samples with that of other inmates on at least fifty occasions; (2) unnamed prison staff instructed the law library staff to remove legal resources and a typewriter to interfere with his access to the courts; and (3) he received at least fifty false incident reports in retaliation for his use of legal and administrative remedies.

Mr. Wolters is reminded that he is obligated to continue making partial payments toward the balance of his appellate filing fee until it is paid in full.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge