**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**November 28, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BENJAMIN GAL-OR,

     Plaintiff-Appellant,

v.

THE BOEING COMPANY,

     Defendant-Appellee.

No. 06-3203

(D.C. No. 05-CV-1312-MLB)

(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY, McKAY,** and **LUCERO**, Circuit Judges.

After examining the briefs and the appellate record, this panel has

determined unanimously to honor the parties' request for a decision on the briefs

without argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Appellant Benjamin Gal-Or, an Israeli citizen and resident of Florida who

is proceeding *pro se*, appeals the district court's dismissal of his complaint

pursuant to Fed. R. Civ. P. 12(b)(6). The district court initially dismissed all of

Appellant's claims as time barred, with one exception: the district court construed

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the complaint to allege a valid patent infringement claim. Boeing Company ("Boeing") filed a motion for reconsideration in which it alerted the district court to Appellant's express denial of such a claim in his response to Boeing's motion to dismiss. Based on a review of Appellant's response, the district court agreed and granted the motion for reconsideration, fully dismissing the case with prejudice. This appeal followed.

We conduct de novo review of a district court's application of statutes of limitation. *See Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005).

Despite confusing and irrelevant protestations to the contrary, Appellant has provided no basis for disagreement with the district court's detailed application of the various statutes of limitation to Appellant's nine causes of action. Our review of the complaint, the parties' briefs, and the district court's opinion convinces us that the district court correctly applied the proper statute of limitation to each of the claims in determining that those claims were time barred. Appellant's assertion that the district court's decision arises from discriminatory animus due to his status as a foreigner is without merit.

Our review of Appellant's response to Appellee's motion to dismiss as well as Appellant's briefs on appeal confirms that Appellant does not assert a claim for patent infringement. As Appellant notes, no patents were involved in this case because Appellant filed only a patent application and never actually pursued it

through to secure a patent. Indeed, Appellant states that he "refrain[ed] from filing patents based on Boeing's promises." (Appellant Br. at 18.)

Accordingly, for substantially the same reasons as cogently explained in the district court's memorandum and order on the motion to dismiss as well as its memorandum and order on the motion for reconsideration, we **AFFIRM** the district court's dismissal of the entire complaint with prejudice.

Entered for the Court


Monroe G. McKay
Circuit Judge