**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 10, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JANIS NEHLS,

      Plaintiff-Appellant,

v.

FARMERS ALLIANCE MUTUAL
INSURANCE COMPANY,
a Kansas corporation,

      Defendant-Appellee.

No. 06-1483
(D.C. No. 05-cv-02168-WDM-BNB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

---

Plaintiff Janis Nehls appeals the district court's entry of summary judgment

based on its determination that her automobile-insurance claims against defendant

Farmers Alliance Mutual Insurance Company were time-barred by the applicable

statute of limitations. We affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## Background

Ms. Nehls was injured in a motor-vehicle accident on October 7, 1997. She made a claim under her automobile-insurance policy issued by Farmers Alliance Mutual Insurance Company, which on its face provided for basic Personal Injury Protection (PIP) benefits.[1] Shortly after receiving her claim, Farmers Alliance advised Ms. Nehls of her entitlement to basic PIP benefits, described these benefits, and began making payments for medical expenses, rehabilitation, and wage loss. Farmers' Alliance issued its last wage-loss check to Ms. Nehls on August 31, 1998, for payment through October 6, 1998.

Seven years later, on October 3, 2005, Ms. Nehls brought this action against Farmers Alliance, seeking additional wage-loss payments under enhanced PIP coverage.[2] She alleged that Farmers Alliance had not advised her of the availability of enhanced PIP benefits and had not given her the option of purchasing or declining such protection, as required by the now-repealed Colorado Auto Accident Reparations Act (CAARA). *See* Colo. Rev. Stat. §§ 10-4-706, 10-4-710 (repealed). And "when . . . an insurer fails to offer the

---

[1]     Under the applicable statutory scheme, the Colorado Auto Accident Reparations Act (repealed effective July 1, 2003), "basic" PIP coverage provided for up to $400 per week for lost wages for a period of up to 52 weeks, in addition to payment for bodily injuries and medical expenses. Colo. Rev. Stat. § 10-4-706(1)(a)-(d) (repealed).

[2]     By statute, optional "enhanced" PIP coverage allowed payment of additional medical expenses and removed time-and-dollar limitations from lost-wage coverage. Colo. Rev. Stat. § 10-4-710(2)(a)(I)-(II) (repealed).

insured optional coverage that satisfies [statutory requirements], additional coverage in conformity with the offer mandated by statute will be incorporated into the policy." *Brennan v. Farmers Alliance Mut. Ins. Co.*, 961 P.2d 550, 554 (Colo. Ct. App. 1998).

Farmers Alliance moved for summary judgment, arguing that Ms. Nehl's lawsuit was untimely under the three-year statute of limitations for CAARA claims, set forth in Colo. Rev. Stat. § 13-80-101(1)(j) (amended, effective July 1, 2003). *See Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1120-21 (10th Cir. 2005). According to Farmers Alliance's calculations, the statute began to run with its last payment of wage-loss benefits and expired, at the latest, in October 2001.

Ms. Nehl countered with the contention that Farmers Alliance had never offered enhanced PIP benefit coverage to her, that the coverage of her policy was defective, and that she was unaware of the statutory scheme until she hired counsel in December 2004. In Ms. Nehl's view, Farmers Alliance's failure of notification and lack of coverage meant that the three-year statute of limitations had not run by the time she filed her complaint. Alternatively, she claimed it would be equitable to apply the doctrine of statutory tolling.

For its statute-of-limitations ruling, the district court looked to this court's resolution of a similar Colorado case. In *Nelson*, 419 F.3d at 1121, we noted that "the accrual date is when [the insured] knew or should have known that [the

insurer] had not offered him extended PIP benefits." And the insured "should have known at least by the last date he was paid loss-of-wage benefits under the basic, limited PIP policy that [the insurer] had not offered him extended benefits." *Id.* Therefore, the district court determined that Ms. Nehl's claims had accrued with her receipt of the final PIP wage-loss payment in 1998 and were therefore time-barred after October 2001.

The district court declined to apply the doctrine of equitable tolling for several reasons: (1) the Tenth Circuit stated in *Nelson* that the similar concept of laches should not be applied to a claim under the Colorado Auto Accident Reparation Act, *id.*, 419 F.3d at 1120; (2) equitable tolling concerns the non-disclosure of facts rather than the non-disclosure of law, *see Harrison v. Pinnacol Assur.*, 107 P.3d 969, 972 (Colo. App. 2004) (In Colorado, "[t]he discovery rule generally involves an inquiry into when the party bringing the action acquired knowledge of or should have reasonably discovered the essential facts, rather than the applicable legal theory"); and (3) Ms. Nehls did not explain her lengthy delay or demonstrate diligence in pursuing her remedies, *see First Interstate Bank of Fort Collins, N.A. v. Piper Aircraft Corp.*, 744 P.2d 1197, 1201 (Colo. 1987) (en banc) (Even where a statute of limitations is tolled due to fraudulent concealment, it is tolled in Colorado "only so long as the plaintiff is unable, by reasonable diligence, to discover the facts necessary for determining the existence of a claim for relief."). The district court rejected Ms. Nehl's

request for "an unlimited extension of the statute of limitations" and granted Farmers Alliance's motion for summary judgment. Aplt. App. at 192.

**Discussion**

We review the district court's grant of summary judgment on statute-of-limitations grounds de novo. *Cory v. Aztec Steel Bldg., Inc.*, 468 F.3d 1226, 1233 (10th Cir. 2006). Summary judgment may be granted where there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Hackworth v. Progressive Cas. Ins. Co.*, 468 F.3d 722, 725 (10th Cir. 2006), *cert. denied,* 75 U.S.L.W. 3635 (U.S. May 29, 2007) (No. 06-1300). In the statute-of-limitations context, the initial burden is on the moving party to demonstrate that there is no genuine issue of material fact as to the running of the statute of limitations. *See Tiberi v. Cigna Corp.*, 89 F.3d 1423, 1428 (10th Cir. 1996). If the moving party makes the necessary showing and non-moving party invokes the equitable-tolling doctrine, the non-moving party then has the "burden of proving the existence of facts which, if proven true, would warrant a tolling of the statute[ ] of limitation." *Id.*

Because our jurisdiction in this case is premised upon diversity of citizenship, we apply the rule of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), and look to Colorado law to resolve whether claims are barred by the statute of limitations, *see Guaranty Trust Co. v. York*, 326 U.S. 99, 110 (1945) (holding that statutes of limitations are considered substantive matters for

purposes of the *Erie* doctrine). Generally, "[w]hether a [Colorado] statute of limitations bars a particular claim is a question of fact," but the issue may be decided as matter of law "if undisputed facts demonstrate that the plaintiff had the requisite information as of a particular date." *Trigg v. State Farm Mut. Auto. Ins. Co.* 129 P.3d 1099, 1101 (Colo. App. 2005).

Based on our review of the parties' arguments and the appellate record, we conclude that the district court properly resolved this case. On the statute-of-limitations issue, it is undisputed that Ms. Nehl received wage-loss payments through October 1998, but did not file her complaint until October 2005. Ms. Nehl has provided no convincing reasons for us to depart from the teachings of *Nelson* on the accrual date for her type of claim. Accordingly, the three-year statute of limitations expired four years before Ms. Nehl filed suit. Furthermore, for the reasons stated by the district court, this is not an appropriate case to toll the statute of limitations.

The judgment of the district court is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge