**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 10, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

QUINCY GERALD KEELER,

Plaintiff-Appellant,

v.

CEREAL FOOD PROCESSORS,

Defendant-Appellee.

No. 07-3055
(D.C. No. 06-CV-1062-JTM)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

Quincy Gerald Keeler appeals pro se from the district court's dismissal of his discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2 and 2000e-3. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm in part and reverse in part.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## *Background*

Mr. Keeler began work as a temporary employee for Cereal Food Processors (CFP) in February 2003. He became a full-time employee in June 2003 and continued to work for CFP until he was terminated in December 2004. Mr. Keeler filed four charges of discrimination with the Kansas Human Rights Commission and the Equal Employment Opportunity Commission (EEOC) related to his employment with CFP. He filed his First Charge in February 2004, claiming that CFP discriminated against him based on his race (African American) and his age (twenty-six years old at the time), in temporarily laying him off in December 2003, while retaining an older, Caucasian employee with less seniority. He alleged that he filed a grievance with CFP management concerning his layoff and that CFP subsequently forced him to perform dangerous work in retaliation for having openly opposed CFP's discriminatory acts and practices. He later amended his First Charge to add a claim of retaliation for complaining to CFP management about incidents of sexual harassment.

Mr. Keeler filed his Second Charge in August 2004, claiming that CFP accused him of making threats of violence, placed him on a paid leave of absence, and required him to see a psychiatrist. He alleged discrimination by CFP based on a perceived disability and in retaliation for filing his First Charge. In November 2004 he filed his Third Charge, again alleging retaliation by CFP based upon his filing of the First Charge. He claimed that on specified dates in

February, July, August, and September, 2004, CFP criticized his job performance and reprimanded him for his attendance, in retaliation for his discrimination complaint.

The EEOC issued a right-to-sue letter on Mr. Keeler's Second Charge on October 19, 2004, but he did not file a lawsuit within ninety days of his receipt of that letter. *See* 42 U.S.C. § 2000e-5(f)(1) (providing civil action may be brought within ninety days of notice of right to sue by EEOC). CFP terminated Mr. Keeler's employment in December 2004. Several months later, on April 26, 2005, the EEOC issued right-to-sue letters on his First and Third Charges. He filed his Fourth Charge in June 2005, alleging that he was terminated by CFP on December 17, 2004, in retaliation for having filed his Third Charge.

Mr. Keeler filed his First Action in district court on July 25, 2005, alleging race discrimination and retaliation in violation of Title VII. In his complaint he identified CFP's discriminatory conduct as his termination, his layoff in December 2003, and retaliation. He alleged that CFP retaliated against him for his complaints about the layoff and sexual harassment, and he attached a lengthy letter further detailing his allegations. The district court dismissed the First Action on September 13, 2005, after Mr. Keeler failed to specify his expenses in support of his Application for Leave to File Action Without Payment of Fees, Costs, or Security. He did not appeal that dismissal.

The EEOC issued a right-to-sue letter on Mr. Keeler's Fourth Charge on December 19, 2005, and he filed this action in district court on March 16, 2006. His complaints in this action and his First Action are substantially identical. CFP moved for judgment on the pleadings under Fed. R. Civ. P. 12(c), arguing that this action should be dismissed as time-barred because Mr. Keeler failed to file it within ninety days of receiving the applicable right-to-sue letters, or alternatively that certain claims should be dismissed for failure to exhaust administrative remedies.

The district court granted CFP's motion. It initially held that all of the claims alleged in Mr. Keeler's First, Second, and Third Charges were time-barred because he failed to file this action within ninety days of his receipt of any of the right-to-sue letters on those charges. Although he had filed the First Action within ninety days of the April 26, 2004, right-to-sue letters on his First and Third Charges, the district court held that its dismissal of that case without prejudice did not toll the statutory filing deadline under Title VII. *See Brown v. Hartshorne Pub. Sch. Dist. No. 1*, 926 F.2d 959, 961 (10th Cir. 1991) (*Brown II*) ("Courts have specifically held that the filing of a complaint that is dismissed without prejudice does not toll the statutory filing period of Title VII.") Mr. Keeler does not identify any error in this portion of the district court's ruling and we therefore affirm the dismissal of his claims alleged in his First, Second, and Third Charges as untimely.

The district court further concluded that Mr. Keeler's claim of retaliatory termination was time-barred because it was encompassed by his Third Charge:

> [P]laintiff's claim of retaliation based on his 2004 termination should also be dismissed, since the plaintiff treated this claim as part of his first lawsuit and, therefore, failed to file this lawsuit within 90 days of receiving a Notice of Rights. The plaintiff included precisely the same allegation in his first lawsuit, which was filed seven months after he was terminated from Cereal Food, and one month after he filed his fourth administrative charge. The plaintiff's allegation of termination was encompassed by his third charge. *See Brown* [*v. Hartshorne Pub. Sch. Dist. No. 1*], 864 F.2d [680] at 682 (10th Cir. 1988) (Title VII claims may "encompass any discrimination like or reasonably related to the allegations of the EEOC charge, including new acts occurring during the pendency of the charge before the EEOC"). Here, the plaintiff used his third administrative charge as the basis for raising precisely the claim of retaliatory termination now in issue.

R., Vol. II, Doc. 23 at 4. Mr. Keeler challenges this ruling on appeal, contending that the district court erred in dismissing his termination claim because he filed this action within ninety days of receiving the right-to-sue letter on his Fourth Charge.

### Discussion

We review de novo a district court's ruling on a motion for judgment on the pleadings under Rule 12(c). *Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005). The district court determined that Mr. Keeler's retaliatory termination claim was untimely under the ninety-day time period for filing an action pursuant to § 2000e-5(f)(1), which is "in the nature of a statute of limitations." *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1267

-5-

(10th Cir. 1996). Whether a district court properly applied a statute of limitations is a question of law we review de novo. *Nelson*, 419 F.3d at 1119.

In dismissing Mr. Keeler's termination claim as time-barred, the district court emphasized his inclusion of that claim in his First Action. While acknowledging that Mr. Keeler had filed his Fourth Charge alleging retaliatory termination only a month before he filed the First Action, the court nonetheless concluded it was administratively exhausted because it was encompassed by his Third Charge. For this proposition, the court relied on *Brown v. Hartshorne Public School District No. 1* (*Brown I*), 864 F.2d 680, 682 (10th Cir. 1988), which held that "when an employee seeks judicial relief for incidents not listed in his original charge to the EEOC, the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the EEOC charge, including new acts occurring during the pendency of the charge." *Id.* at 682 (quotation and brackets omitted). Therefore, the district court concluded that Mr. Keeler's termination claim was untimely because he failed to file it within ninety days of his receipt of the right-to-sue letter on his Third Charge.

We respectfully disagree. Under *Martinez v. Potter*, 347 F.3d 1208 (10th Cir. 2003), the district court's reliance on *Brown I* is misplaced. As we recognized in *Martinez*, the Supreme Court in *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), "effected fundamental changes to the doctrine

-6-

allowing administratively unexhausted claims in Title VII actions." 347 F.3d at 1210. In *Martinez*, the plaintiff sought to litigate claims of retaliatory treatment that he never included in a formal charge. *Id.* The district court granted the defendant's summary judgment motion, reasoning that the plaintiff had failed to exhaust administrative remedies with respect to the additional claims "because they were not like or reasonably related to the allegations in [his formal charge]." *Id.*

Although we agreed with its result, we parted company with the district court on its reasoning in *Martinez*: "*Morgan* abrogates the continuing violation doctrine as previously applied to claims of discriminatory or retaliatory actions by employers, and replaces it with the teaching that each discrete incident of such treatment constitutes its own unlawful employment practice for which administrative remedies must be exhausted." *Id.* (quotation omitted). In *Morgan* the Supreme Court observed that "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify," and it held that a charge could only encompass discrete, discriminatory acts that occurred within the statutory time period for filing a charge. 536 U.S. at 114. The Court reversed the court of appeals' holding, which relied upon the continuing violation doctrine to bring prior discrete acts within a later-filed charge. *Id.*

In *Martinez*, we applied the rule stated in *Morgan* "to discrete claims based on incidents occurring *after* the filing of [a formal charge]." 347 F.3d at 1210-11

(emphasis in original).  Thus, we recognized that the "continuing violation theory," as applied in *Brown I* and the other prior decisions we cited, was no longer applicable to claims regarding discrete acts.  *See id.* at 1210-11.[1]

We conclude, therefore, that the district court erred in its determination that Mr. Keeler's Third Charge encompassed his retaliatory termination claim because it was like or reasonably related to the allegations in that charge.  Under *Martinez*, Mr. Keeler's Third Charge could not encompass his later-occurring, discrete claim regarding his termination; instead, he was required to file a separate charge with respect to that claim.  *See id.*  He fulfilled that requirement by filing his Fourth Charge.  But at the time he filed his First Action, he had not fully exhausted his administrative remedies with respect to that charge because he had not yet received a right-to-sue letter from the EEOC, nor had the 180-day waiting period under § 2000e-5(f)(1) expired.  *See EEOC v. W.H. Braum, Inc.*, 347 F.3d 1192, 1200 (10th Cir. 2003) ("The EEOC has exclusive jurisdiction over a claim during the 180 days following the filing of a charge . . . . During this time an individual employee may not bring suit in federal court."); *cf. Stone v. Dep't of Aviation*, 453 F.3d 1271, 1276-77 (10th Cir. 2006) (holding ADA claim had not "matured" and was subject to dismissal prior to receipt of right-to-sue letter).

---

[1]     We recognized in *Martinez* that this holding does not apply to hostile work environment claims.  *See* 347 F.3d at 1211.  But, as in *Martinez*, that type of claim is not before us in this case.  *See id.*  Although Mr. Keeler's charges alleged what could be characterized as "an ongoing pattern of retaliation," *id.*, he did not file any charge alleging that he was subject to a hostile work environment.

Mr. Keeler's termination claim did not become ripe for filing until after the dismissal of the First Action, when he received his right-to-sue letter on his Fourth Charge. He filed this action within ninety days of receiving that letter. Accordingly, the district court erred in dismissing his termination claim as untimely.

CFP contends that our holding in *Martinez* does not apply in this case because Mr. Keeler represented to the district court in his First Action that he had exhausted his administrative remedies. Thus, CFP argues that Mr. Keeler should not now be permitted to assert his own non-compliance with the exhaustion requirement in his First Action as a basis to save his termination claim in this action from being time-barred. But the exhaustion requirement is "a jurisdictional prerequisite to suit under Title VII–not merely a condition precedent to suit." *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005). Therefore, had the district court not dismissed Mr. Keeler's First Action on procedural grounds, his retaliatory termination claim in that action would nevertheless have been subject to dismissal for lack of subject-matter jurisdiction, regardless of any representation he made about exhaustion of administrative remedies. *See Mosley v. Pena*, 100 F.3d 1515, 1517, 1519 (10th Cir. 1996) (affirming dismissal of "prematurely filed" complaint for failure to exhaust administrative remedies). Just as Mr. Keeler's representations could not make his otherwise-premature claim ripe for filing, we decline to hold that

they preclude him from litigating his termination claim once his administrative remedies were exhausted.

## Conclusion

The district court's dismissal of Mr. Keeler's retaliatory termination claim alleged in his Fourth Charge is REVERSED and REMANDED for further proceedings consistent with this order and judgment. This district court's dismissal of Mr. Keeler's other claims is AFFIRMED.

Entered for the Court


John C. Porfilio
Circuit Judge