FILED
United States Court of Appeals
Tenth Circuit

April 18, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PAULA K. GOLDWYN,

       Plaintiff – Appellant,

v.

PATRICK DONAHOE, Postmaster
General,

       Defendant – Appellee.

No. 13-3210
(D.C. No. 5:12-CV-04099-JTM-JPO)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.[**]

In 2012, Paula Goldwyn filed an employment discrimination suit against the Postmaster General, Patrick Donahoe. The district court granted Donahoe's motion to dismiss. Proceeding pro se,[1] Goldwyn seeks appellate review of that decision and of a subsequent order denying her motion for an extension of time to appeal. After untangling Goldwyn's web of late filings, we conclude (1) the district court properly denied

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Court Rule 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1] We liberally construe pro se filings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Goldwyn's motion for extension of time to appeal and (2) we lack jurisdiction to review the order granting the defendant's motion to dismiss.

BACKGROUND

This matter began more than eight years ago when Paula Goldwyn filed a discrimination claim with the Equal Employment Opportunity Commission ("EEOC") against her former employer, the United States Postal Service. The EEOC found no discrimination. On January 27, 2011, the EEOC mailed Goldwyn a right-to-sue letter, which advised that she had 90 days to file. On May 2, 2011, she filed her first complaint in federal district court.[2] She voluntarily dismissed that complaint.[3] On August 22, 2012, she filed the current complaint.

In a minute order filed on March 18, 2013, the district court granted Donahoe's motion to dismiss, to which Goldwyn had not responded. Judgment was entered the same day. On April 15, 2013, Goldwyn sent a Rule 59(e) motion to alter or amend the judgment to the court by mail and email. She argued she was unaware that she was

---

[2] The 90-day period commences upon receipt of the right-to-sue letter, not mailing. *See Million v. Frank*, 47 F.3d 385, 388 n.5 (10th Cir. 1995) ("[T]his court and others have interpreted the term 'giving of such notice' in § 2000e–5(f)(1) to mean that the time period begins to run upon 'receipt' of the notice by the plaintiff."). For purposes of the statutory filing period, we presume receipt five days after mailing. *See Witt v. Roadway Exp.*, 136 F.3d 1424, 1429–30 (10th Cir. 1998) (rebuttable presumption of receipt within five days on evidence that a properly addressed piece of mail is placed in the care of the postal service). Goldwyn filed her complaint 95 days after the EEOC mailed the right-to-sue letter. Thus, the initial complaint was timely.

[3] The filing of a complaint that is dismissed without prejudice does not toll the statutory filing period. *See Brown v. Hartshorne Pub. Sch. Dist.*, 926 F.2d 959, 961 (10th Cir. 1991), *abrogated on other grounds as stated in Keeler v. Cereal Food Processors*, 250 F. App'x 857, 860–61 (10th Cir. 2007).

expected to respond to Donahoe's motion to dismiss. The court denied the motion on May 16, 2013, finding that it was untimely[4] and noting that the court did not grant Donahoe's motion merely due to Goldwyn's failure to file a timely response but instead "for good cause shown." R. vol. 1, at 66. On July 15, Goldwyn filed a motion for extension of time to file a notice of appeal, which the district court denied on July 18.

Goldwyn's first notice of appeal surfaced on August 14. In it, she sought review of the district court's denial of her Rule 59(e) motion to alter or amend. This Court issued an order identifying a potential jurisdictional defect, namely, that the notice of appeal was untimely. On August 16, Goldwyn returned to the district court with her second motion to alter or amend, this time requesting that the court vacate its order denying her motion for extension of time to file a notice of appeal.[5] A few days later, Goldwyn filed an amended notice of appeal, which this time included the July 18 order denying her motion for extension of time to appeal. We abated the appeal to await the district court's ruling. On September 16, the district court denied Goldwyn's second motion to amend.

These are the dates relevant to our disposition:

---

[4] The motion was not filed in the district court until April 16, which was one day outside Rule 59(e)'s 28-day limit. Fed. R. Civ. P. 59(e). But it appears Goldwyn emailed the motion to the clerk of the district court on April 15. *See* Reply Br. Attach. A. The District of Kansas allows an unregistered pro se filer to file by email and the clerk's office is instructed to file the documents the day they are received. *See Administrative Procedure for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in the United States District Court of the District of Kansas* 20–21 (2013), *available at* http://www.ksd.uscourts.gov/civil-cases-administrative-procedure-for-filing-signing-and-verifying-pleadings-and-papers-by-electronic-means/. For the sake of this appeal, we will treat Goldwyn's Rule 59(e) motion as timely filed.

[5] Goldwyn emailed this motion to the clerk of the district court on August 16 at 12:00 am. *See* Reply Br. Attach. B.

**March 18, 2013**: Order dismissing Goldwyn's complaint; judgment entered

**April 15**: Goldwyn's first motion to alter or amend

**May 16**: Order denying first motion to alter or amend

**July 15**: Goldwyn's motion for extension of time to file a notice of appeal

**July 18**: Order denying motion for extension of time

**August 14**: Goldwyn's first notice of appeal

**August 20**: Goldwyn's amended notice of appeal

DISCUSSION

The district court dismissed Goldwyn's case for a host of substantive reasons.[6] Rather than addressing these reasons, Goldwyn asserts that dismissal was inappropriate because she was unaware that she should have responded to the motion to dismiss.[7] She also claims the district court erred in denying her motion for extension of time to file an appeal. We review the order denying an extension of time first because without that extension we lack jurisdiction to consider the motion to dismiss.

We review for an abuse of discretion the district court's decision to deny Goldwyn's motion for an extension of time to file a notice of appeal. *See Odgen v. San Juan Cnty.*,

---

[6] In the order denying Goldwyn's first motion to alter or amend, the district court explained that it dismissed the action "for good cause shown, agreeing with the defendant's contentions that Goldwyn (a) failed to exhaust her administrative remedies, (b) that the present action was untimely, (c) the court lacked jurisdiction over the claim under the Americans with Disabilities Act, 42 U.S.C. 12101 et seq., and (d) that punitive damages were not recoverable in an action against the United States." R. vol. 1, at 66.

[7] The court granted the motion to dismiss in a minute order "for good cause shown and pursuant to D. Kan. R. 7.4." R. vol. 1, at 55. Rule 7.4 provides that when a party fails to file a timely response, "the court will consider and decide the motion as an uncontested motion."

32 F.3d 452, 455 (10th Cir. 1994). A district court may extend the time to file a notice of appeal where there is excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A). But the good-cause standard applies only where "the need for an extension results from forces outside the control of the movant." *See Magraff v. Lowes HIW, Inc.*, 217 F. App'x 759, 761 (10th Cir. 2007). Goldwyn sought an extension "due to the fact that she is inexperienced and ignorant of procedures in these matters." R. vol. 1, at 69. Because Goldwyn did not allege that forces outside her control caused her delay, the district court properly applied the excusable-neglect standard. Under this standard, an extension should not be granted absent unique and extraordinary circumstances. *Bishop v. Corsentino*, 371 F.3d 1203, 1206–07 (10th Cir. 2004). We agree with the district court that Goldwyn's plea of ignorance of the rules is simply insufficient to satisfy that standard. *See Weinstock v. Cleary, Gottlieb, Steen & Hamilton*, 16 F.3d 501, 503 (2d Cir. 1994) (excusable neglect is not established simply by lack of familiarity with federal procedure); *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (pro se plaintiffs are held to the same rules of procedure which apply to other litigants). As such, the district court properly denied Goldwyn's motion for an extension of time to appeal.

Without that extension, we lack jurisdiction to consider the order granting Donahoe's motion to dismiss because Goldwyn's appeal of that order is untimely. This Court can only exercise jurisdiction if a notice of appeal is timely filed. *United States v. Langham*, 77 F.3d 1280, 1280 (10th Cir. 1996) ("A timely notice of appeal is both mandatory and jurisdictional."). Where, as here, the United States—or an officer thereof—is a party, a notice of appeal must be filed within 60 days after the entry of the final judgment. Fed. R.

App. P. 4(a)(1)(B). The filing of certain motions—such as a motion to alter or amend the judgment under Rule 59(e)—can toll the time for filing a notice of appeal. Fed. R. App. P. 4(a)(4)(A).

Here, the court entered judgment on March 18, 2013. After 28 days, Goldwyn sent to the court a motion to alter or amend the judgment.[8] The court denied the motion on May 16. Another 60 days passed before Goldwyn filed her motion for an extension of time to file a notice of appeal. The court denied that motion on July 18. Goldwyn filed her first notice of appeal on August 14. This notice of appeal sought appellate review of the court's denial of her first motion to alter or amend. On August 20, Goldwyn filed an amended notice of appeal seeking review of the court's denial of her motion for an extension of time to appeal. Even if we toll the clock for the Rule 59(e) motion and stop the clock when she filed her first notice of appeal, Goldwyn's appeal was filed well outside the 60-day deadline.

In her reply brief, Goldwyn argues that her July 15 motion for an extension of time to file a notice of appeal was an effective notice of appeal. Even assuming that motion was the "functional equivalent" of a notice of appeal, *see United States v. Smith*, 182 F.3d 733, 735–36 (10th Cir. 1999), it was filed too late to perfect an appeal of the judgment entered on March 18, 2013. The only order it could possibly preserve for appellate review is the court's May 16 denial of Goldwyn's motion to alter or amend the judgment. But Goldwyn waived appellate consideration of this issue by failing to raise it in her opening

---

[8] *See supra* note 4.

brief. *See City of Colo. Springs v. Solis*, 589 F.3d 1121, 1135 n.5 (10th Cir. 2009) (arguments not raised in the opening brief are waived); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants . . . . [T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." (internal quotation marks omitted)). And, regardless, the court properly denied Goldwyn's motion to alter or amend the judgment because, rather than address the reasons her case was dismissed, her motion merely asserted that she was not aware that she was expected to respond to Donahoe's motion to dismiss.

CONCLUSION

We understand the difficulties of proceeding pro se, and we have accordingly liberally construed Goldwyn's filings. But her pro se status does not entitle her to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002) (Plaintiff's "difficulties are those faced by many plaintiffs who nonetheless manage to file suit in a timely manner. To the contrary, the instant case is precisely the type of 'garden variety claim of excusable neglect' that the Supreme Court deemed unworthy of meriting equitable tolling in *Irwin* [*v. Department of Veterans Affairs*, 498 U.S. 89 (1990)]."). Based on the foregoing, we affirm the order denying an extension of time to appeal and

dismiss this appeal for lack of jurisdiction.

ENTERED FOR THE COURT


Gregory A. Phillips
Circuit Judge