FILED
United States Court of Appeals
Tenth Circuit

May 24, 2021

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

A. V. AVINGTON, JR.; PATRICIA L.
AVINGTON,

     Plaintiffs - Appellants,

v.

BANK OF AMERICA, N.A.;
MERSCORPS HOLDING INC.,

    Defendants - Appellees.

No. 20-5068
(D.C. No. 4:17-CV-00021-JED-FHM)
(N.D. Okla.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **MATHESON**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

    A.V. Avington, Jr., and Patricia L. Avington, proceeding pro se,[1] appeal the

district court's dismissal, under Fed. R. Civ. P. 12(b)(6), of their claims against Bank

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because the Avingtons proceed pro se, we construe their arguments liberally, but we "cannot take on the responsibility of serving as [their] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

of America, N.A., and Merscorps Holding Inc. ("Merscorps"). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. BACKGROUND

The Avingtons filed a complaint in January 2017. The district court construed it as attempting to assert claims for fraud; racial discrimination in violation of the Fair Housing Act (FHA), 42 U.S.C. § 3604(b), and Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691e; violation of the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1964(c); and noncompliance with the Troubled Asset Relief Program (TARP) and Home Affordable Modification Program (HAMP).

The Avingtons alleged Bank of America pursued foreclosure proceedings against them from 2008 to 2011. They also alleged they "beg[a]n to receive notifications from the Office of Attorney General State of Oklahoma informing the Plaintiff(s) that they had been a victim of mortgage fraud . . . with respect to their foreclosure or loan modification with Bank of America Corporation, *et al*, in March of 2012." R. at 15.

The district court dismissed all claims but granted the Avingtons leave to amend, other than the TARP and HAMP claims. The Avingtons filed an amended complaint. It omitted many of the background facts appearing in the original complaint, but it attempted to address the deficiencies the district court identified in its first dismissal order. The district court construed the amended complaint "as bringing RICO and fraud claims and "as incorporating the initial [c]omplaint to the

2

extent its allegations remain relevant." *Id.* at 338. The court dismissed the amended complaint because (1) it failed to state a valid RICO or fraud claim and (2) the statute of limitations barred any such claims. The court denied the Avingtons' request to amend their complaint again, concluding such amendment "would be futile and further waste judicial resources." *Id.* at 340. The Avingtons appeal.

## II. DISCUSSION

The Avingtons argue the district court should have (1) concluded their amended complaint stated a viable RICO and fraud claim, (2) equitably tolled the statute of limitations, (3) permitted them to file a second amended complaint, and (4) applied the doctrine of equitable estoppel.[2]

"We review de novo a district court's decision on a Rule 12(b)(6) motion for dismissal for failure to state a claim. Under this standard, we must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019) (italics, citation, and quotations omitted). We also review de novo "[w]hether a court properly applied a statute of limitations." *Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005). We ordinarily review the denial of leave to amend for abuse of discretion, but "when denial is based

---

[2] The Avingtons' brief makes no mention of claims for discrimination under the FHA or ECOA. Thus, any arguments related to those claims are deemed waived, and we do not consider them. *See Folks v. State Farm Mut. Auto. Ins. Co.*, 784 F.3d 730, 737 (10th Cir. 2015).

3

on a determination that amendment would be futile, our review for abuse of discretion includes de novo review of the legal basis for the finding of futility." *Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Pub. Schs.*, 565 F.3d 1232, 1249 (10th Cir. 2009).

We agree with the district court that, even if the Avingtons' amended complaint properly stated claims for RICO and common-law fraud, the statute of limitations had expired. "[A] civil federal RICO action is subject to a four-year limitations period," *Dummar v. Lummis*, 543 F.3d 614, 621 (10th Cir. 2008), and the statute of limitations for the Avingtons' common-law fraud claim is two years, *see* Okla. Stat. tit. 12, § 95(A)(3). For RICO claims,

> [w]hile the Supreme Court has not settled upon a definitive rule for when the limitations clock starts running, it has announced two possibilities: either when the plaintiff knew or should have known of his injury (the injury-discovery rule); or when the plaintiff was injured, whether he was aware of the injury or not (the injury-occurrence rule).

*Cory v. Aztec Steel Bldg., Inc.*, 468 F.3d 1226, 1234 (10th Cir. 2006). The limitations period for a common-law fraud claim in Oklahoma begins to run upon "discovery of the fraud." tit. 12, § 95(A)(3).

The events described in the amended complaint occurred between 2008 and 2011. The Avingtons allege the Oklahoma Attorney General notified them that they had been victims of mortgage fraud in March 2012. The four-year statute of limitations therefore expired, at the latest, in March 2016, approximately ten months before the Avingtons filed suit.

We reject the Avingtons' argument that the district court should have equitably tolled the statutes of limitations. We review the district court's refusal to apply equitable tolling for an abuse of discretion. *Garrett v. Fleming*, 362 F.3d 692, 695 (10th Cir. 2004). "Generally, equitable tolling requires a litigant to establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quotations omitted). The Avingtons point to no extraordinary circumstances here. Although they criticize the court's dismissal of their claims, *see* Aplt. Br. at 8 ("Appellants faced an extraordinary circumstance that the statute of limitation allegedly was not met as accused by [the district court]."), it is circular to claim the enforcement of a statute of limitations alone presents an extraordinary circumstance that justifies equitable tolling.

We also discern no abuse of discretion in the district court's denial of the Avingtons' request for leave to file a second amended complaint. They cite cases about courts' affording latitude to pro se parties, but "[a]lthough a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation, brackets, and quotations omitted). The district court liberally construed the Avingtons' complaints, even allowing allegations in the first complaint to support the claims asserted in the second. The Avingtons' claims nonetheless are time-barred.

5

They have presented no argument to the district court or this court suggesting otherwise. The district court therefore correctly concluded further amendment would be futile.[3]

## III. CONCLUSION

We affirm the district court's judgment. We deny the Avingtons' motion to proceed in forma pauperis because they have not presented "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

[3] In light of our upholding the district court's conclusions that the Avingtons' claims are time barred and equitable tolling does not apply, we need not address the merits of their argument that the amended complaint stated RICO and fraud claims. We also decline to address their equitable estoppel argument as both forfeited and inadequately briefed. *See Folks*, 784 F.3d at 741; *Garrett*, 425 F.3d at 840–41.