**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 10, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LARRY DARNELL PINSON,
husband; LENNELLE OLIVER
PINSON, wife,

  Plaintiffs-Appellants,

v.

EQUIFAX CREDIT INFORMATION
SERVICES, INC.; CSC CREDIT
SERVICES; EXPERIAN
INFORMATION SOLUTIONS;
TRANS UNION, LLC; CAPITAL
ONE SERVICES, INC.; CAPITAL
ONE BANK FSB; LITTON LOAN
SERVICING, LP,

  Defendants-Appellees.

No. 08-5063
(D.C. No. 4:06-CV-00162-GKF-SAJ)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **McKAY**, and **ANDERSON**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Appellants Larry and Lennelle Pinson brought this action under the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 - 1681x, against Appellees Equifax Credit Information Services, LLC; CSC Credit Services; Experian Information Solutions, Inc.; Trans Union, LLC, (collectively, "consumer reporting agencies" or "CRAs"); Capital One Services, Inc.; Capital One Bank FSB (collectively, "Capital One"); and Litton Loan Servicing, LP. The Pinsons allege these entities violated the FCRA and Oklahoma tort law by willfully publishing inaccurate information on their consumer-credit reports. The Pinsons moved for summary judgment, but the district court denied the motion, dismissed the claims against Capital One, and granted summary judgment to the CRAs and Litton. The Pinsons appealed, and we now affirm.

## I. Background

This dispute can be traced back to 2003, when the Pinsons brought a similar action against the CRAs. That case ended when the Pinsons moved for voluntary dismissal, but they later reinitiated litigation by filing the present suit in 2006. Through retained counsel, the Pinsons alleged that the CRAs, Capital One, and Litton all reported false and inaccurate information on their credit reports, causing them to receive lower credit ratings. Specifically, they claimed the CRAs willfully reported incorrect negative information and deleted accurate, positive information, while all appellees failed to correct the inaccuracies or maintain procedures to correct the inaccuracies. They asserted this conduct

violated the FCRA, constituted libel and false-light invasion of privacy under state law, and warranted actual and punitive damages.

Some time after filing their amended complaint, the Pinsons terminated their attorneys and proceeded pro se. Accordingly, the district court modified its scheduling order and set June 1, 2007, as the new deadline for completing discovery. The court also set aside its previous entry of default against Capital One because service had not been properly executed. Then, more than two months after the discovery deadline passed, on August 14, 2007, the Pinsons moved to compel the CRAs and Litton to produce various documents, including all available credit reports. The court denied the discovery motion and took up the Pinsons' pending motion for summary judgment. The court refused to allow the Pinsons to amend their summary judgment motion, reasoning that appellees had already filed their responses to the original motion. The court then denied the Pinsons' original summary judgment motion, granted cross-motions for summary judgment filed by Experian, CSC, Trans Union, and Litton, and granted Capital One's motion to dismiss. The Pinsons appealed, despite Equifax's still-pending motion for summary judgment, which the court eventually granted on June 2, 2008, and the court entered final judgment against the Pinsons on June 3, 2008.

Now on appeal, the Pinsons assert the district court erred by (1) failing to appoint new counsel sua sponte; (2) refusing their request to amend their summary judgment motion; (3) denying their motion to compel additional

discovery; (4) setting aside the entry of default against Capital One; (5) granting

Capital One's motion to dismiss; and (6) granting summary judgment to the CRAs

and Litton.  We consider each contention in turn.

## II.  Appellate Jurisdiction

Before proceeding to the merits, we must first consider our jurisdiction.

*See Willis v. BNSF Ry. Corp.*, 531 F.3d 1282, 1295 n.14 (10th Cir. 2008) ("This

court has an independent obligation to determine its jurisdiction.") (quotation

omitted).  The district court denied the Pinsons' motion for summary judgment on

March 30, 2008, and entered dispositive orders in favor of all other appellees

except Equifax the following day, on March 31, 2008.  The Pinsons subsequently

filed their notice of appeal on May 1, 2008, but because Equifax's motion for

summary judgment remained pending, the court had not yet entered a final,

appealable order.  *See Orient Mineral Co. v. Bank of China*, 506 F.3d 980, 989-90

(10th Cir. 2007) ("a judgment that does not dispose of all claims is not considered

a final appealable decision under § 1291") (quotation omitted), *cert. denied*,

128 S. Ct. 2872 (2008).  The Pinsons' notice of appeal was therefore premature.

Nevertheless, when the court later granted summary judgment to Equifax

on June 2, 2008, and entered its final judgment on June 3, 2008, the court's final

judgment ripened the Pinsons' premature notice of appeal.  *See Willis*, 531 F.3d at

1295.  But that notice of appeal did not confer appellate jurisdiction over the

grant of summary judgment to Equifax, because a ripened notice of appeal covers

-4-

only decisions identified in the premature notice and does not include "subsequent appeals arising out of the same case." *See Nolan v. United States Dep't of Justice*, 973 F.2d 843, 846 (10th Cir. 1992). Consequently, since the Pinsons never filed a notice from the court's June 3, 2008, final judgment, and did not properly file a "functional equivalent" of a second notice of appeal, *Willis*, 531 F.3d at 1296 (quotation omitted), we have no jurisdiction to review the grant of summary judgment to Equifax. Accordingly, all appellate claims against Equifax are dismissed for lack of jurisdiction.

### III. Merits

We recognize that the Pinsons' pro se status entitles them to a liberal reading of their pleadings. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). Under this standard, "we make some allowances for the pro se plaintiff's failure to cite proper legal authority, . . . confusion of various legal theories, . . . poor syntax and sentence construction, or . . . unfamiliarity with pleading requirements, [but] the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation, internal quotation marks, and brackets omitted). With this standard in mind, we proceed to the Pinsons' liberally derived appellate contentions.

## A. Appointment of Counsel

The Pinsons' primary contention is that the district court should have appointed new counsel sua sponte after they fired their previous attorneys. They assert their mental and physical disabilities prevented them from effectively prosecuting their case, and that the court ought to have independently recognized their need for an attorney, without any request on their behalf. We decline to impose such an obligation upon the district court. Under 28 U.S.C. § 1915(e)(1), a district court may, in its broad discretion, appoint counsel to an indigent party in a civil case, *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991), but civil litigants enjoy no constitutional right to an attorney, *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (per curiam). The Pinsons had no right to an attorney, never requested one, and never submitted any financial affidavit demonstrating their indigency. Moreover, they initiated this action through retained counsel, further indicating that they were not so indigent as to be unable to afford an attorney. Under these circumstances, we conclude the court committed no error in failing to appoint counsel sua sponte. To the extent the Pinsons contend the ADA and Rehabilitation Act required the court to appoint counsel on its own volition, we find no support for the proposition.[1]

---

[1] The Pinsons have since moved this court to appoint appellate counsel, citing their mental disabilities as the basis for their request. Although we appreciate the difficulties pro se litigants may experience in pursuing their causes, our standards afford us broad latitude in determining whether appointment of

(continued...)

**B. Denial of Motion to Amend**

The Pinsons next contend the district court should have permitted them to amend their motion for summary judgment. The court denied their request because appellees had already filed their responses to the Pinsons' original summary judgment motion. We review the denial of the motion to amend for an abuse of discretion, *see Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007), and conclude that the court acted within its discretion since most of the appellees had, in fact, already filed their responses.

**C. Denial of Motion to Compel**

The Pinsons also claim the district court abused its discretion in denying their motion to compel. *See Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 647 (10th Cir. 2008). In the context of discovery rulings, a district court abuses its discretion "only if it exceeded the bounds of permissible choice, given the facts and applicable law in the case at hand." *Id.* (quotation omitted). A court "exceeds the bounds of permissible choice" by resting its decision on clearly erroneous factual or legal conclusions, or when its decision "manifests a clear error of judgment." *Id.* (quotations and brackets omitted). Based on the record

---

[1](...continued)
counsel is appropriate. *See Johnson*, 466 F.3d at 1217. Our careful evaluation of the issues presented by this appeal, their complexity, and the merits of the claims leaves us unconvinced that counsel could navigate this case in a manner that leads to a different result. We therefore exercise our discretion to deny the Pinsons' motion for appointment of counsel on appeal.

before us, we find no indication that the district court abused its discretion. The motion to compel was filed more than two months after the close of discovery, and the CRAs insisted that they had already turned over all documents in their possession, custody or control, *see* Fed. R. Civ. P. 34(a) (requiring the production of only those documents in the possession, custody or control of the party upon whom the request is served). The Pinsons' suggestion that spoliation entitles them to an adverse inference is patently without merit because they have failed to demonstrate the loss or destruction – intentionally or otherwise – of any evidence. *See Henning v. Union Pac. R.R. Co.*, 530 F.3d 1206, 1219-20 (10th Cir. 2008).

**D. Entry of Default Against Capital One**

Next, the Pinsons assert the district court erred in setting aside its entry of default against Capital One. Federal Rule of Civil Procedure 55(c) allows a court to set aside an entry of default for good cause. "[T]he good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997). We review a district court's decision to set aside an entry of default for an abuse of discretion. *See Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 796-97 (10th Cir. 2008).

In deciding whether to set aside an entry of default, courts may consider, among other things, "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Dierschke v. O'Cheskey (In re Dierschke)*, 975 F.2d 181, 183 (5th Cir. 1992) (quotation omitted). Capital One argues that it was improperly served and acted in good faith once it learned of the suit, that the Pinsons suffered no prejudice by setting aside the default, and that it had several meritorious defenses. We agree. The original complaint was served on individuals who were not authorized to accept service on behalf of Capital One, and the amended complaint was never served on Capital One at all. Additionally, Capital One evidenced its good faith by submitting its motion to set aside the default on May 7, 2007, just six days after default was entered on May 1, 2007. Further, the Pinsons failed to demonstrate any prejudice incurred from setting aside the default. And finally, Capital One raised three defenses in its motion, including failure to state a claim, which ultimately served as the basis for the district court's dismissal. Under these circumstances, the court acted well within its discretion.

## E. Dispositive Orders

Lastly, the Pinsons assert the district court erred in granting Capital One's motion to dismiss for failure to state a claim and granting summary judgment to Experian, CSC, Trans Union, and Litton. With regard to Capital One, we review de novo the district court's dismissal for failure to state a claim under

Fed. R. Civ. P. 12(b)(6). *Anderson*, 499 F.3d at 1232. In so doing, we accept as true all well-pleaded allegations and construe those allegations in the light most favorable to the Pinsons, looking for plausibility in the complaint. *See id.*

The Pinsons alleged that Capital One violated the FCRA by furnishing false and inaccurate information to the CRAs. The district court granted Capital One's motion to dismiss because the Pinsons failed to allege that any CRA had notified Capital One that its information was in dispute. We agree with this disposition. The district court correctly recognized that the FCRA obligates furnishers of information like Capital One to provide accurate information to consumer reporting agencies, 15 U.S.C. § 1681s-2(a), and, upon receiving notice of a dispute from a CRA, to (1) investigate the disputed information; (2) review all relevant information provided by the CRA; (3) report the results of the investigation to the CRA; (4) report the results of the investigation to all other CRAs if the investigation reveals that the information is incomplete or inaccurate; and (5) modify, delete, or permanently block the reporting of the disputed information if it is determined to be inaccurate, incomplete, or unverifiable, *id.*, § 1681s-2(b). As the district court explained, § 1681s-2(a) provides no private cause of action, *see Gorman v. Wolpoff & Abramson, LLP*, 552 F.3d 1008, 1014 (9th Cir. 2009) ("Duties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies."), while the duties listed in § 1681s-(2)(b) "arise only after the furnisher receives notice of a dispute from a

-10-

CRA; *notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)*," *id.* (emphasis added). Consequently, because the amended complaint alleges only that the Pinsons – not any CRA – notified Capital One that its information was in dispute, the Pinsons failed to state a claim against Capital One under the FCRA. And since the Pinsons' state-law claims were preempted by the FCRA, *see* 15 U.S.C. § 1681t(b)(1)(F), the district court was correct to grant Capital One's motion to dismiss.

With regard to Experian, CSC, Trans Union, and Litton, we review the district court's grant of summary judgment de novo, using the same standards as the district court. *ACLU of New Mexico v. Santillanes*, 546 F.3d 1313, 1317 (10th Cir. 2008). We view the evidence and the reasonable inferences therefrom in the light most favorable to the nonmoving party, and will affirm a grant of summary judgment only where "'the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(c)).

The district court granted summary judgment to Experian because the Pinsons did not cite, and the evidence did not disclose, any inaccurate information reported by Experian. Here again, the court was correct. A successful FCRA claim brought under 15 U.S.C. § 1681e(b) must be based on inaccurate information disclosed in a consumer credit report:

-11-

> To prevail in a private civil action under [§ 1681e(b)], a plaintiff must establish that (1) the consumer reporting agency failed to follow reasonable procedures to assure the accuracy of its reports; (2) the report in question was, in fact, inaccurate; (3) the plaintiff suffered an injury; and (4) the consumer reporting agency's failure caused the plaintiff's injury.

*Cassara v. DAC Servs., Inc.*, 276 F.3d 1210, 1217 (10th Cir. 2002). Because the Pinsons have cited no evidence indicating that Experian's credit reports were inaccurate, Experian was entitled to summary judgment.

As for CSC, Trans Union, and Litton, the court granted their summary judgment motions on statute of limitations grounds. We perceive no error with this disposition, either. The court recognized that, although the limitations period for these FCRA claims has since been amended, *see* Pub. L. No. 108-159 (2003), at the time of the alleged violations, the period within which to bring a claim was two years from the date on which liability arose, 15 U.S.C. § 1681p. CSC last published credit reports containing allegedly inaccurate information on October 20, 2003; the Pinsons based their claims against Trans Union only on reports dated on or before February 25, 2004; and Litton, as a furnisher of information, last received notice of a dispute from a CRA in November of 2003. Assuming that these respective dates represent the most recent times at which liability could have arisen for these parties, the Pinsons' suit, filed on March 16, 2006, was initiated beyond the two-year statute of limitations. Summary judgment therefore was proper. The limitations period was not tolled by the Pinsons' previous suit, because "a voluntary dismissal without prejudice leaves

-12-

the parties as though the action had never been brought."  *See Brown v.*

*Hartshorne Pub. Sch. Dist.*, 926 F.2d 959, 961 (10th Cir. 1991) ("the limitation

period is not tolled during the pendency of the dismissed action"), *abrogation on*

*other grounds recognized by Keeler v. Cereal Food Processors*, 250 F. App'x

857, 860-61 (10th Cir. 2007).  And we need not evaluate the district court's

ancillary ruling concerning the retroactive application of the amended statute of

limitations, as even a liberal construction of the Pinsons' appellate materials fails

to adequately raise any challenge to this ruling.  *See Ledbetter*, 318 F.3d at 1187-

88.

## IV.  Conclusion

The claims against Equifax are DISMISSED for lack of jurisdiction.  The

Pinsons' motion for appointment of counsel on appeal is DENIED, and the

judgment of the district court is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge