FILED
United States Court of Appeals
Tenth Circuit

May 27, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

CARLTON L. WILLIS,

       Plaintiff - Appellant,

v.

CAPITAL ONE CORPORATION,

       Defendant - Appellee.

No. 14-7104
(D.C. No. 6:14-CV-00334-FHS)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.[**]

Plaintiff-Appellant Carlton Willis filed a pro se complaint against

Defendant-Appellee Capital One Corporation alleging willful violation of the Fair

Credit Reporting Act (FCRA) and breach of contract under Oklahoma law.

Capital One moved to dismiss for failure to state a claim, Fed. R. Civ. P. 12(b)(6),

and the district court granted the motion and dismissed the complaint with

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

prejudice.  <u>Willis v. Capital One Corp.</u>, No. CIV–14–334–FHS, 2014 WL 7183272 (E.D. Okla. Dec. 16, 2014).  Mr. Willis timely appealed and later filed a Rule 59(e) motion to alter or amend judgment.  The district court denied the Rule 59(e) motion, and Mr. Willis has not appealed from that decision.  Before us now is Mr. Willis' appeal from the district court's order granting Capital One's motion to dismiss.  We affirm.

<u>Background</u>

The claims asserted in Mr. Willis' complaint arise out of Capital One's decisions to place a hold on, and then ultimately terminate, Mr. Willis' credit card account.

On April 23, 2014, Capital One sent a letter to Mr. Willis notifying him that it was placing a hold on his account due to suspected fraud.  The letter advised Mr. Willis that, in order to remove the hold on his account, he would need to provide: (1) a copy of a valid driver's license or state issued identification card; (2) a copy of a valid Social Security card; and (3) a recent utility bill displaying his name and current mailing address.  1 R. 19.  After Mr. Willis provided the information and the information was verified, the letter continued, the hold would be removed.

Mr. Willis was incarcerated and therefore unable to provide a valid driver's license and utility bill.  He provided what documentation he could and contacted

Capital One about the other requested information. On May 30, 2014, Capital One sent a second letter to Mr. Willis, advising him that the documentation he had submitted up to that point—including a faxed copy of his Social Security card and a Power of Attorney—was not satisfactory. The letter stated that Capital One "still needed a copy of your driver's license and a bank statement with your address on file, as well as all documents for your authorized users before the restriction could be removed." Id. at 29. Before Capital One would remove the account hold, the letter concluded, Mr. Willis was obligated to: (1) submit all previously requested documents (driver's license, Social Security card, and a recent utility bill or bank statement displaying a current address); (2) remove all authorized users from the account, as no documentation had been provided as to any of them; and (3) revoke the Power of Attorney in the name of Bruce Hancock, Jr., for the same reason the other authorized users had to be removed. Id. at 29–30.

Finally, on June 10, 2014, Capital One sent a third letter to Mr. Willis, this time informing him that his account was being permanently closed. About a month later, on July 11, 2014, Mr. Willis obtained credit reports from two consumer reporting agencies (CRAs), Experian and Equifax, both of which indicated his account with Capital One was still open. Mr. Willis thereafter initiated this suit.

Discussion

We review the district court's decision to grant a motion under Fed. R. Civ. P. 12(b)(6) de novo. Stan Lee Media, Inc. v. Walt Disney Co., 774 F.3d 1292, 1296 (10th. Cir. 2014). To survive a motion to dismiss, a plaintiff is required to allege sufficient facts which, if taken as true, state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Because the plaintiff in this case is proceeding pro se, we construe his pleadings liberally and will dismiss his complaint only if it is obvious that he cannot prevail on what he alleges and amendment would be futile. Johnson v. Johnson, 466 F.3d 1213, 1214–15 (10th Cir. 2006). We can, however, affirm on any grounds supported by the record. Stan Lee Media, 774 F.3d at 1296.

## A. Fair Credit Reporting Act (FCRA) Claim

The complaint alleged that Capital One willfully violated the FCRA by inaccurately reporting to CRAs (Equifax and Experian) that his account was open and in good standing, when in fact it was either restricted or closed, and then failing to investigate disputed information. 1 R. 7.

Mr. Willis brought his FCRA claim under 15 U.S.C. § 1681s-2(b), which "imposes a duty on furnishers [of credit information] after receiving notice of a consumer dispute from a CRA to investigate and report incomplete and inaccurate information." Vilar v. Equifax Info. Servs., LLC, No. CIV 14–0226 JB/KBM, 2014 WL 7474082, at *12 (D.N.M. Dec. 17, 2014). If, after investigation, the

furnisher finds that the disputed information is inaccurate, incomplete, or cannot be verified, it has a duty to modify, delete, or permanently block the reporting of that information. 15 U.S.C. § 1681s-2(b)(1)(E). The furnisher's duty to investigate arises only after a CRA notifies the furnisher of a dispute and, conversely, does not arise when notice is provided "directly from a consumer." Vilar, 2014 WL 7474082, at *13 (citing Pinson v. Equifax Credit Info. Servs., Inc., 316 F. App'x 744, 751 (10th Cir. 2009) (unpublished)); see SimmsParris v. Countrywide Fin. Corp., 652 F.3d 355, 358 (3d Cir. 2011). Thus, a consumer "cannot recover under § 1681s-2(b) if they do not initiate the process for recovery by notifying a CRA of the dispute." Vilar, 2014 WL 7474082, at *13 (citing Sanders v. Mountain Am. Fed. Credit Union, 689 F.3d 1138, 1147 (10th Cir. 2012)).

The issue here is whether the face of Mr. Willis' complaint plausibly pleads that he notified a CRA of disputed information and that, upon notification from a CRA, Capital One failed to investigate the disputed information. We agree with the district court that the complaint failed to allege facts sufficient to support an inference that he notified a CRA of disputed information, and therefore need not address whether the complaint alleged sufficient facts concerning Capital One's notice and its duty to investigate.

As the district court noted, Mr. Willis alleged only that he filed a complaint with the Bureau of Consumer Financial Protection (BCFB), which is not a

"consumer reporting agency," as defined by 15 U.S.C. § 1681a(f). Mr. Willis does not dispute that the BCFB is not a CRA. Instead, he argues that the complaint contained sufficient factual content, aside from the fact of his BCFB complaint, to infer that he notified an actual CRA of disputed information. In support of this argument, he points to a single statement contained in his Equifax credit report, appended to his complaint as Exhibit L. 1 R. 64–88. The Equifax report reflects an open Capital One account and, in the comments section associated with that account, states, "[c]onsumer disputes this account information." Id. at 66–67.

As an initial matter, we question whether Mr. Willis properly directed the district court's attention to this comment by way of his vague and general statements in the written submission below.[1] The court cannot advocate for any party—even those proceeding pro se—and is not responsible for searching the record in support of plausible theories. Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005). Furthermore, the Equifax report's comment makes no mention of what account information is in dispute or how it came to be disputed. For instance, although the report states that "account information" is in dispute, there is no indication that the disputed information is the account's "open and in good standing" status, which Mr. Willis here contends is inaccurate, as

---

[1] The sole reference to anything specific in the credit reports came in Mr. Willis' sur-reply brief to the motion to dismiss, which he filed without seeking leave of court.

- 6 -

opposed to the credit limit or a pending charge. As to <u>how</u> the information came to be disputed, we agree with Capital One that "[t]here is no additional information in the credit report that indicates how the CRA became aware of this dispute, whether it was notified by Capital One, Mr. Willis, or any other entity." Aplee. Br. 13–14. In short, Mr. Willis failed to allege facts sufficient to permit the district court to infer that he properly notified a CRA of disputed information. Accordingly, dismissal of Mr. Willis' FCRA claim was proper.

B. <u>Breach of Contract</u>

The complaint also alleged Capital One breached a contract with Mr. Willis by refusing to remove the account hold once he established his identity and by improperly terminating his account.[2] In short, Mr. Willis contends that a contract was formed when Capital One sent him the April 23 letter informing him that it would remove the account hold if he provided the requested documentation. He further contends that this contract was later modified, or a new agreement reached, when Capital One sent him the second letter on May 30, altering the requirements Mr. Willis was obligated to meet before the hold was removed. Finally, Mr. Willis contends a subsequent modification was agreed to, or a new agreement reached, during a June 6 phone call with a Capital One employee. Mr.

---

[2] Whether Mr. Willis, as an incarcerated person, may enter into such contracts has not been raised. <u>See</u> Okla. Stat. tit. 15, § 11; tit. 21, § 65. That issue is pending in another appeal. <u>Willis v. Dep't Stores Nat'l Bank</u>, No. 15-7007 (10th Cir. appeal docketed Feb. 2, 2015).

Willis contends the employee once again altered the requirements he was obligated to meet before the hold would be removed.

To establish a breach of contract under Oklahoma law, a plaintiff must show: (1) contract formation; (2) breach; and (3) damages resulting therefrom. Digital Design Grp., Inc. v. Info. Builders, Inc., 24 P.3d 834, 843 (Okla. 2001). Here, even assuming a contract was formed through written and oral communications between Mr. Willis and Capital One, the complaint fails to state a claim upon which relief can be granted because it is devoid of any allegation that Mr. Willis satisfied certain conditions precedent. See Woods v. City of Lawton, 845 P.2d 880, 886 n.6 (Okla. 1992) ("A condition precedent is a condition that must be met before the obligation under a contract becomes due." (citation omitted)); see also Willbros Eng'rs, Inc. v. Mastec N. Am., Inc., No. 03–CV–436–TCK–PJC, 2006 WL 1698968, at *5–6 (N.D. Okla. June 9, 2006) (unpublished) (applying Oklahoma law).

Adopting Capital One's argument, the district court dismissed the breach of contract claim due to Mr. Willis' failure to satisfy a condition precedent of the April 23 agreement: providing a utility bill displaying his name and mailing address. Under the rules of liberal construction, however, we think Mr. Willis' complaint fairly alleged that the April 23 agreement was modified by the May 30 agreement, under which Mr. Willis was permitted to submit a bank statement in place of a utility bill. Assuming, then, that the terms of any agreement were the

terms stated in the May 30 letter, there remained two conditions precedent to Capital One's performance: removing all authorized users from the account and revoking the Power of Attorney in Mr. Hancock, Jr.'s name.

While the complaint clearly alleges that Mr. Willis removed authorized users from his account pursuant to the new agreement, see 1 R. 13, nowhere does it state or even suggest that he revoked the Power of Attorney. And, after a thorough examination of Mr. Willis' other pleadings, we find no allegation that this requirement was eliminated by Capital One's employee during the June 6 phone call. It is only in his submissions to this court that Mr. Willis first avers that this requirement was eliminated during the June 6 phone call. Even construing Mr. Willis' pleadings liberally, it is clear to us that his argument is constantly changing in response to each of Capital One's written submissions. We decline to consider Mr. Willis' new argument as it was not raised before the district court, see Campbell v. City of Spencer, 777 F.3d 1073, 1080 (10th Cir. 2014), and therefore conclude that Mr. Willis failed to state a claim for breach of contract under Oklahoma law.

C.     Dismissal With Prejudice

Finally, Mr. Willis argues that the district court abused its discretion by dismissing his complaint with prejudice, without permitting him the opportunity to amend. The problem with this argument is that Mr. Willis never sought leave of court to amend his complaint in any of his responses to Capital One's

dispositive motion. Mr. Willis indicated that he would like to amend his complaint in his Rule 59(e) motion to alter or amend judgment, 1 R. 166, which is not before us. Fed. R. App. P. 4(a)(4)(B)(ii). Even considering the more lenient standard for dismissal of pro se complaints, we find no abuse of discretion.

AFFIRMED. Mr. Willis is reminded that he is obligated to continue making partial payments for costs and fees until the entire amount has been paid.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge