FILED
United States Court of Appeals
Tenth Circuit

April 24, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

FLORINDA REED,

      Plaintiff-Appellant,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, an Illinois corporation,

      Defendant-Appellee.

No. 08-1243
(D.C. No. 1:07-CV-02123-REB-KLM)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

---

This case involves the now-repealed Colorado Auto Accident Reparations

Act ("CAARA"). See Colo. Rev. Stat. §§ 10-4-701 to 10-4-726 (repealed July 1,

2003).[1] Florinda Reed seeks reformation of a State Farm Mutual Automobile

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] CAARA, which prior to repeal governed the sale of automobile insurance
in Colorado, was enacted by the Colorado legislature in 1973 for the purpose of
(continued...)

Insurance Co. ("State Farm") policy issued to Tho Huynh, under which benefits

were paid to Reed after Huynh struck Reed with his automobile while she was

riding her bicycle. Huynh is not a party to this case. The district court dismissed

Reed's individual claims under Federal Rule of Civil Procedure 12(b)(6) for

failure to state a claim.[2] Exercising jurisdiction under 28 U.S.C. § 1291, we

reverse and remand for further proceedings.

We review de novo a district court's dismissal under Rule 12(b)(6). Teigen

v. Renfrow, 511 F.3d 1072, 1078 (10th Cir. 2007). We assume the truth of all

---

[1](...continued)
avoiding inadequate compensation to victims of automobile accidents. Reid v.
Geico Gen. Ins. Co., 499 F.3d 1163, 1165 (10th Cir. 2007). It was repealed July
1, 2003. Id.

[2]     Reed's complaint was originally brought on behalf of herself and all others
similarly situated, but the district court dismissed the case in its entirety. State
Farm invoked both Rules 12(b)(1) and (b)(6) in support of its motion to dismiss.
Although the basis of the district court's decision is not perfectly clear, we
conclude that the court dismissed Reed's individual claims pursuant to Rule
12(b)(6). In analyzing the motion, the court summarized State Farm's argument
as follows: "With respect to plaintiff's individual claims, defendant maintains
that plaintiff fails to state a cause of action on which relief may be granted
because her damages, if any, were not caused by application of the Pedestrian
Limitation to her." Order Granting Def.'s Mot. to Dismiss at 6 (emphasis added).
The court then accepted this argument in support of dismissal. We therefore
conclude that the dismissal of Reed's individual claims was based upon Rule
12(b)(6), rather than Rule 12(b)(1).
        We find further support for this conclusion in that portion of the district
court's order dismissing the claims Reed purported to bring on behalf of similarly
situated class members. In dismissing those claims, the district court expressly
invoked Rule 12(b)(1). Id. ("For these reasons, defendant's motion to dismiss the
class claims pursuant to Fed.R.Civ.P. 12(b)(1) is granted."). Reed does not
appeal the dismissal of the class claims.

well-pleaded facts in the complaint and draw all reasonable inferences therefrom in the light most favorable to the plaintiff. Id. A complaint will survive dismissal if it alleges a plausible claim for relief. A claim is "plausible" if the "[f]actual allegations [are] enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

According to the complaint, which we accept as true for purposes of this appeal, in May 1999, Huynh struck Reed with his automobile while she was riding her bicycle, causing her serious injuries. Huynh's automobile was insured by State Farm. As required by CAARA, the applicable automobile insurance policy included personal injury protection ("PIP") benefits to compensate injured persons, such as pedestrians, for medical and rehabilitative expenses and lost wages resulting from automobile accidents. One of the PIP coverage options, which State Farm designated as a "P1" level of coverage, was the basic coverage required by CAARA. State Farm also generally made available to its customers enhanced PIP coverages, but it failed to offer these enhanced coverages to Huynh. Instead of offering enhanced PIP to Huynh, State Farm offered him a policy containing a provision stating that, whatever the level of coverage chosen by the owner of the policy, a pedestrian who sustained a covered bodily injury was entitled only to the basic PIP or "P1" level of benefits (the "Pedestrian Limitation"). The policy purchased by Huynh included an overall level of PIP

-3-

coverage that was greater than the basic PIP coverage, but less than the enhanced coverages. It also included the Pedestrian Limitation.[3]

Following the accident, State Farm paid Reed PIP benefits at the level of coverage chosen by Huynh. It did not invoke the Pedestrian Limitation. The amount paid to Reed was greater than the amount that would have been paid had the Pedestrian Limitation been applied but less than the amount Reed would have received under the enhanced PIP coverages that were never offered.

Reed claims to have incurred PIP-compensable expenses over and above those paid by State Farm. According to Reed's complaint, CAARA required State Farm to offer Huynh extended or enhanced PIP coverage that covered pedestrians and, because it did not make such an offer, reformation of the insurance policy to include enhanced coverage is required by operation of law. State Farm filed a motion to dismiss for failure to state a claim. According to State Farm's reading of the complaint, Reed challenged the application of the Pedestrian Limitation. State Farm argued that because the Pedestrian Limitation was not applied when the time came to pay benefits, Reed could not demonstrate that State Farm had caused her any damages.

---

[3] Reed asserted in her complaint that she did not have a certified copy of Huynh's State Farm policy but that "upon information and belief" the policy contained the level of PIP coverage discussed herein and included the Pedestrian Limitation.

The district court agreed with State Farm. It held that because "the Pedestrian Limitation was not applied in the calculation of benefits paid to [Reed] under the policy," she could not "sustain her individual claims, all of which are necessarily premised on the application of the Pedestrian Limitation to determine the benefits due her." The court therefore held that Reed had failed to state a claim.

We cannot agree with the district court's reasoning. Both State Farm and the district court misapprehend the nature of Reed's alleged injury. CAARA required automobile insurance policies to include certain minimum or basic PIP benefits to compensate injured persons for medical and rehabilitative expenses and lost wages resulting from automobile accidents. See Colo. Rev. Stat. § 10-4-706(1). CAARA also required an insurer to offer to its insured added or enhanced PIP coverage. See § 10-4-710(2)(a). Under Colorado law, "[w]hen an insurer fails to offer the insured optional coverage that it is statutorily required to offer, additional coverage in conformity with the required offer is incorporated into the agreement by operation of law." Thompson v. Budget Rent-A-Car-Sys., Inc., 940 P.2d 987, 990 (Colo. App. 1996) (emphasis added); see Brennan v. Farmers Alliance Mut. Ins. Co., 961 P.2d 550, 554 (Colo. App. 1998) (applying the ruling in Thompson to a failure to offer extended coverage that included pedestrians); see also Clark v. State Farm Mut. Auto. Ins. Co., 319 F.3d 1234, 1241 (10th Cir. 2003) ("[W]hen . . . an insurer fails to offer the insured optional

coverage that satisfies [CAARA], additional coverage in conformity with the offer mandated by statute <u>will</u> be incorporated into the policy." (quotation omitted) (ellipsis and emphasis in original)).

Reed's complaint states a claim for relief under CAARA. Accepting her factual allegations as true, Reed claims that she was injured due to State Farm's failure to offer Huynh enhanced PIP coverages that extended to pedestrians.[4] Huynh was never given the opportunity to purchase such coverage because State Farm failed to offer it, in violation of CAARA. Under governing Colorado law, this failure to make the statutorily-required offer entitles Reed to reformation of the insurance policy to include enhanced PIP coverage. <u>Brennan</u>, 961 P.2d at 554. Thus, it is immaterial that State Farm did not apply the Pedestrian Limitation in Reed's case. Whether Reed can prove that State Farm in fact failed to offer enhanced PIP to Huynh is a different matter. But at this stage, Reed has

---

[4]     It is clear that Reed does not claim that the Pedestrian Limitation was actually applied to her. Application of the Pedestrian Limitation would have resulted in payment of benefits at the basic PIP level, instead of at the higher level of coverage actually purchased by Huynh. Because Reed is seeking the enhanced PIP benefits that CAARA required be offered, she is clearly arguing that she was injured by the <u>existence</u> of the Pedestrian Limitation in all offered coverage levels at the time Huynh made his selection. By including that Limitation in the policy, without offering Huynh enhanced PIP that extended to pedestrians, State Farm violated CAARA. Thus, Reed argues that she was injured by this failure, rather than by any later application of the Limitation.

sufficiently alleged that State Farm failed to make the statutorily-required offer and that this failure caused her injury.

The judgment of the district court is **REVERSED**, and the case is **REMANDED** for further proceedings consistent with this order and judgment.

Entered for the Court

Carlos F. Lucero
Circuit Judge