Rebecca JACKSON, Plaintiff–Appellant,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Defendant–Appellee.

No. 10CA0369.

Colorado Court of Appeals, Div. IV.

May 12, 2011.

Franklin D. Azar & Associates, P.C., Franklin D. Azar, Richard P. Barkley, Aurora, CO, for Plaintiff–Appellant.

Harris, Karstaedt, Jamison & Powers, P.C., A. Peter Gregory, Englewood, CO, for Defendant–Appellee.

Opinion by Judge DAILEY.

Plaintiff, Rebecca Jackson, appeals the trial court's judgment notwithstanding the verdict (JNOV) in favor of defendant, American Family Mutual Insurance Company (American Family), on her breach of contract claim. We affirm.

## I. Background

In March 2002, Jackson was seriously injured in a car accident. At the time, she was insured under an American Family automobile policy which provided basic personal injury protection (PIP) benefits. The policy did not, however, provide (as was then required by law) an option to purchase extended PIP coverage. *See* Colorado Auto Accident Reparations Act (CAARA), Ch. 94, sec. 1, §§ 13–25–1 to –23, 1973 Colo. Sess. Laws 334–45 (formerly codified as amended at §§ 10–4–701 to –726; repealed effective July 1, 2003, Ch. 189, sec. 1, § 10–4–726, 2002 Colo. Sess. Laws 649).

Before this case was filed, many other policyholders filed cases against American Family based on this omission. Three are pertinent here:

- *French v. American Family Mutual Insurance Co.*, (El Paso County Dist. Ct. No. 00CV3162), was filed in November 2000, and class certification was denied in December 2002.

- *Marshall v. American Family Mutual Insurance Co.*, (Adams County Dist. Ct. No. 03CV1081), was filed in April 2003, and class certification was denied in November 2003.

- *Hicks v. American Family Mutual Insurance Co.*, (Boulder County Dist. Ct. No. 04CV879), was filed in June 2004 and sought reformation of insurance policies on behalf of a class that included Jackson. On November 2, 2005, the trial court certified the class, recognized that American Family's policies did not include the necessary PIP coverage, and held that the policies must be reformed to include such coverage.

Jackson filed the present action in April 2008 against the claims analyst employed by American Family and added American Family itself as a party in October 2008. In her amended complaint, she alleged damage claims for breach of contract, willful and wanton statutory bad faith, breach of the implied covenant of good faith and fair dealing, and fraudulent and negligent concealment and misrepresentation, all stemming from American Family's failure to offer or provide optional PIP coverage.

After a trial, a jury returned verdicts awarding Jackson $61,300 on her breach of contract claim and $300,000 on some of her tort claims. American Family moved for a JNOV on the ground that Jackson's claims were barred by the statute of limitations. The trial court ultimately granted the motion on only Jackson's breach of contract claim.

Jackson appeals only the JNOV entered on her contract claim. She contends that (1) American Family was barred, under the doctrine of claim preclusion, from relitigating a statute of limitations issue which was or could have been resolved in *Hicks*; and (2) the trial court, in any event, erred in its application of the statute of limitations.[1]

We address—and reject—each of these contentions in turn.

## II. Claim Preclusion

We review claim preclusion issues de novo where, as here, the pertinent facts are undisputed and the matter can be determined by a review of either the prior judgment or the record. *Camp Bird Colorado, Inc. v. Board of County Commissioners*, 215 P.3d 1277, 1281 (Colo.App.2009).

"Claim preclusion works to preclude the relitigation of matters that have already been decided as well as matters that could have been raised in a prior proceeding but were not." *Argus Real Estate, Inc. v. E–470 Public Highway Auth.*, 109 P.3d 604, 608 (Colo.2005). For a claim in a second judicial proceeding to be precluded by a previous judgment, there must exist (1) finality of the first judgment; (2) identity of subject matter; (3) identity of claims for relief; and (4) identity or privity between parties to the

---

1. Neither party appeals the $300,000 judgment entered on Jackson's tort claims.

actions. *Id.; see also McLane Western, Inc. v. Dep't of Revenue*, 199 P.3d 752, 756 (Colo. App.2008).

Here, the parties dispute only the applicability of the third element, that is, the identity of claims for relief. In this regard, Jackson correctly points out that

> [i]n analyzing whether there is an identity of claims for relief, we do not focus our inquiry on the specific claim asserted or the name given to the claim. Instead, the "same claim or cause of action requirement is bounded by the injury for which relief is demanded, and not by the legal theory on which the person asserting the claim relies."

*Holnam, Inc. v. Industrial Claim Appeals Office*, 159 P.3d 795, 798 (Colo.App.2006) (quoting in part *Farmers High Line Canal & Reservoir Co. v. City of Golden*, 975 P.2d 189, 199 (Colo.1999)).

In her opening brief, Jackson argues that the underlying injury for which relief was demanded in both *Hicks* and here is the same: the denial of her legal right to an option to purchase extended PIP benefits.

*Hicks* was a class action in which the only relief requested—and given—was reformation of policies and notice thereof; indeed, the class had been narrowly certified to effect just that result.[2] In rendering its ruling, the court noted that "questions concerning the amount or type of benefits owed any individual class member under any reformed policies fall outside the scope of the class action."[3]

Because the *Hicks* court excluded from its judgment any consideration of damage claims (or defenses thereto), Jackson's damages claim was not a matter which either was or could have been adjudicated in *Hicks*. Consequently, the judgment rendered in *Hicks* could not, under the doctrine of claim preclusion, bar either Jackson's action or American Family's assertion of a statute of limitations defense thereto. *See Hernandez v. Woodard*, 873 P.2d 20, 21 (Colo.App.1993) (discussing claim preclusion under its former name, "res judicata," and holding that res judicata is not applicable "if the plaintiff was unable to seek a certain remedy or form of relief in the first action because of certain legal restraints"); *In re Marriage of Wright*, 841 P.2d 358, 360 (Colo.App.1992) (discussing claim preclusion under its former name, "res judicata," and holding that "res judicata does not apply when the initial forum lacked the authority to award the full measure of relief sought in the subsequent litigation").

### III. Statute of Limitations

The applicable statute of limitations required commencement of suit "within three years after the cause of action accrues, and not thereafter." § 13–80–101(1)(j), C.R.S. 2010; *see also Murry v. GuideOne Specialty Mut. Ins. Co.*, 194 P.3d 489, 492 (Colo.App. 2008) (claims arising under CAARA are subject to the three-year limitations period in section 13–80–101(1)(j)).[4]

---

**2.** Class certification had previously been denied in the *French* and *Marshall* cases because, in each case, plaintiffs sought not only reformation of the policies but damages as well. *See Goldsworthy v. Am. Family Mut. Ins. Co.*, 209 P.3d 1108, 1111–12 (Colo.App.2008).

**3.** Consistent with this ruling, the *Hicks* court subsequently notified class members: "This class action lawsuit only involves your rights to have the policy reformed.... You may hire a lawyer of your choice to pursue any benefits under your reformed policy or to pursue any individual remedies against American Family that you may have for any causes of action beyond reformation of the insurance contract, such as any damages resulting from delay in providing required insurance coverage in the policies that have now been reformed. These types of individual claims are not covered by this class action lawsuit...."

**4.** A reformation claim, being equitable in nature, is "technically subject to an equitable laches rather than a legal statute of limitations analysis." *See Interbank Invs., L.L.C. v. Vail Valley Consol. Water Dist.*, 12 P.3d 1224, 1229–30 (Colo. App.2000). However, absent extraordinary circumstances—none of which is asserted here—"a court 'will usually grant or withhold relief [by] analogy to the statute of limitations relating to actions at law of like character.'" *Id.* at 1230 (quoting *Brooks v. Bank of Boulder*, 911 F.Supp. 470, 477 (D.Colo.1996)); *see also Nelson v. State Farm Mutual Automobile Ins. Co.*, 419 F.3d 1117, 1120–21 (10th Cir.2005) (using three-year limitation period to assess timeliness of claim for reformation of policy under CAARA).

■ Ordinarily, when a claim accrues and, consequently, whether a claim is barred by the statute of limitations are questions of fact for a jury to resolve. *See J.A. Balistreri Greenhouses v. Roper Corp.,* 767 P.2d 736, 739 (Colo.App.1988); *Norton v. Leadville Corp.,* 43 Colo.App. 527, 530, 610 P.2d 1348, 1350 (1979). However, when the material facts are undisputed and reasonable persons could not disagree about their import, these questions may be decided as a matter of law. *See Liscio v. Pinson,* 83 P.3d 1149, 1153 (Colo.App.2003); *Winkler v. Rocky Mountain Conference of United Methodist Church,* 923 P.2d 152, 158–59 (Colo.App.1995); *see also Nelson v. State Farm Mutual Automobile Ins. Co.,* 419 F.3d 1117, 1119 (10th Cir. 2005) ("Whether a court properly applied a statute of limitations and the date a statute of limitations accrues under undisputed facts are questions of law we review *de novo.*").

■ In applying the statute of limitations, the trial court identified two possible accrual dates under Colorado law for Jackson's contract claim, namely, when she was informed by American Family of the limits of her PIP benefits (March 28, 2002), and when she retained counsel to represent her in connection with her PIP claim (May 9, 2003). Thus, the court concluded, Jackson's claim accrued, "at the latest," on May 9, 2003 and the statute of limitations period expired no later than May 9, 2006.

In reaching its ultimate conclusion, the court rejected Jackson's assertion that the limitations period had been tolled by certain events and, as a consequence, had not expired by the time she filed her lawsuit in April 2008.

On appeal, Jackson argues that

(1) she could not have asserted a breach of contract claim—and, thus, her claim could not have accrued—until her policy was reformed by the *Hicks* court in November 2005; and

(2) even if her claim could have accrued earlier, the limitations period was tolled by certain events long enough to allow for the 2008 filing of her complaint.

### A.  Accrual Date

An action for breach of contract "shall be considered to accrue on the date the breach is discovered or should have been discovered by the exercise of reasonable diligence." § 13–80–108(6), C.R.S.2010. Similarly, "[a] cause of action for losses or damages not otherwise enumerated in this article shall be deemed to accrue when the injury, loss, damage, or conduct giving rise to the cause of action is discovered or should have been discovered by the exercise of reasonable diligence." § 13–80–108(8), C.R.S.2010.

"Thus, whether the action was one for reformation, breach of contract, or violation of state law, the accrual date is when [the plaintiff] knew or should have known that [the defendant] had not offered him [or her] extended PIP benefits." *Nelson,* 419 F.3d at 1121; *accord Crosby v. Am. Family Mut. Ins. Co.,* 251 P.3d 1279, 1285 (Colo.App.2010); *Murry,* 194 P.3d at 492.

A division of this court in *Crosby* rejected the very argument Jackson makes here, that is, that her claims could not accrue until her policy was reformed in *Hicks.* 251 P.3d at 1286. Indeed, we perceive no reason why a plaintiff in Jackson's situation could not have sued even before *Hicks* was decided for (1) reformation of the insurance contract to include extended PIP coverage, combined with a demand for payment of extended PIP benefits (whether or not denominated as a breach of contract claim) or (2) a declaratory judgment that the insurance contract should contain extended PIP coverage, combined with a demand for payment of extended PIP benefits (whether or not denominated as a breach of contract claim). *Cf. Cardenas v. Financial Indem. Co.,* 254 P.3d 1164, 1167 (Colo.App.2011) ("Where an insurer failed to offer statutorily compliant enhanced PIP coverage, such coverage is deemed incorporated into the policy as a matter of law, and a court should reform the policy to include it.").

As to the date upon which, in this context, reformation and breach of contract claims accrue, the division in *Crosby* relied upon, and agreed with, the analysis of another division of this court in *Murry.* Under *Murry,* the accrual date of an insured's claims may properly be established by the earliest of (1)

the date an insured was advised that only basic PIP benefits were available to him or her; *or* (2) the date an insured stopped receiving basic PIP benefits; *or* (3) the date of announcement of new legal authority affecting claims of an insured represented by counsel. 194 P.3d at 494.

In the present case, it is undisputed that
- precedent for seeking policy reformation based on failure to extend PIP benefits had existed at least since 1998, *Brennan v. Farmers Alliance Mut. Ins. Co.*, 961 P.2d 550, 556 (Colo.App.1998), if not 1996, *see Thompson v. Budget Rent–A–Car Systems, Inc.*, 940 P.2d 987, 989–91 (Colo.App.1996).
- Jackson was informed by American Family of the limits of her PIP benefits on March 28, 2002; and
- on May 9, 2003, Jackson obtained representation by an attorney in connection with her PIP claim.

We conclude that, under *Crosby* and *Murry*, Jackson's claim accrued on the earlier of March 28, 2002 or May 9, 2003, that is, March 28, 2002. Thus, absent tolling, the applicable three-year statute of limitations for asserting claims for reformation and breach of contract would have expired on March 28, 2005.

### B. Tolling

■ Jackson asserts that the April 2008 filing of her complaint was timely because the limitations period was tolled during two periods, the longer of which was from June 28, 2004, when the *Hicks* case was filed, until May 18, 2007, when the *Hicks* court issued a notice to members of the certified class informing them that their policies had been reformed.[5] American Family acknowledges that a limitations period is tolled during the pendency of a class action. However, it contends that, because Jackson was a member of the putative class in either *French* or *Marshall*, her limitations period tolled during one of those cases but not during *Hicks*. We agree with American Family.

■ "[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554, 94 S.Ct. 756, 766, 38 L.Ed.2d 713 (1974); *accord Rosenthal v. Dean Witter Reynolds, Inc.*, 883 P.2d 522, 531 (Colo.App. 1994), *aff'd in part and rev'd in part on other grounds*, 908 P.2d 1095 (Colo.1995); *Grimes v. Hous. Auth.*, 242 Conn. 236, 698 A.2d 302, 306 (1997) (adopting the rule set forth in *American Pipe*); *Hyatt Corp. v. Occidental Fire & Cas. Co.*, 801 S.W.2d 382, 389 (Mo.Ct. App.1990) (applying *American Pipe* rule); *Dewey v. State ex rel. Okla. Firefighters Pension & Ret. Sys.*, 28 P.3d 539, 547 (Okla. 2001) (same); *see State Farm Mut. Auto. Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1228–30 (10th Cir.2008) (discussing rationale for *American Pipe* rule).

■ A claim accruing after the filing of a class action but before denial of class certification is subject to tolling, *see Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354, 103 S.Ct. 2392, 2398, 76 L.Ed.2d 628 (1983); *Philip Morris USA, Inc. v. Christensen*, 394 Md. 227, 905 A.2d 340, 363 (2006), and the statute of limitations remains tolled for all members of the putative class until class certification has been denied. *Rosenthal*, 883 P.2d at 531.

■ However, the filing of successive class actions cannot serve to perpetually toll the running of the statute of limitations. *See id.* (recognizing, but not ruling on basis of, federal rule prohibiting tolling during a successive class action). In *Korwek v. Hunt*, 827 F.2d 874, 879 (2d Cir.1987), the court stated, "The Supreme Court ... certainly did not intend to afford plaintiffs the opportunity to argue and reargue the question of class certification by filing new but repetitive complaints." Consequently, the court held, the class action tolling rule cannot "be applied to suspend the running of statutes of limitations for class action suits filed after a

---

**5.** The other period was from June 29, 2007 until March 2, 2008, as a result of tolling agreements reached by the parties.

definitive determination of class certification." *Id.*[6]

We have determined, as a matter of law, that Jackson's claim accrued on March 28, 2002—a date before class certification was denied in *French.* Thus, Jackson was a putative member of the class in *French* and, as such, she was entitled to have her limitations period tolled during *French* but not during *Hicks.*[7]

Because the limitations period was not tolled during the pendency of the *Hicks* case, we conclude that Jackson's contract claim was untimely filed and, consequently, that the trial court properly entered JNOV on that claim.

The judgment is affirmed.

Judge MILLER and Judge ROTHENBERG * concur.

---

6. *See also Salazar–Calderon v. Presidio Valley Farmers Ass'n,* 765 F.2d 1334, 1351 (5th Cir. 1985) ("putative class members may [not] piggyback one class action onto another and thus toll the statute of limitations indefinitely"); *Reed v. State Farm Mut. Auto. Ins. Co.,* 2008 WL 2475130 (D.Colo. No. 07–CV–02123–REB–KLM, June 17, 2008) (unpublished order) (class action tolling rule does not allow the filing of a subsequent class action when certification of a class has been denied in an earlier suit), *rev'd on other grounds,* 324 Fed.Appx. 717 (10th Cir.2009); *Smith v. Cutter Biological,* 770 So.2d 392, 410 (La.Ct.App.2000) ("Plaintiffs may not stack one class action on top of another and continue to toll the statute of limitations indefinitely.") (quoting *Basch v. Ground Round, Inc.,* 139 F.3d 6, 10 (1st Cir.1998)).

7. We would reach the same conclusion even if we used the May 9, 2003 accrual date identified by the trial court. The analysis would differ only in that Jackson's limitations period would have been tolled during *Marshall,* not *French.*

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2010.